FIRST DEPARTMENT, MAY, 1974

(May 2, 1974)

■ YORKSHIRE INTERNATIONAL, INC., Respondent, v. RAYTEX FABRICS, INC., Appellant.— Judgment, Supreme Court, New York County, entered July 18, 1973, unanimously reversed, on the law, and vacated, the motion of petitioner-respondent to stay arbitration denied, and the cross motion of respondent-appellant to direct arbitration granted. Appellant shall recover of petitioner-respondent $60 costs and disbursements of this appeal. Petitioner-respondent Yorkshire contracted with respondent-appellant Raytex in writing to sell certain yarn, the two contracts containing arbitration clauses. The contracts, while stating Yorkshire to be the seller, included printed statements that Yorkshire was a broker only. When, after a period of time, no delivery had been made, Raytex communicated with Yorkshire, stressing the necessity of immediate delivery, and also called attention to the discrepancy. Yorkshire then stated that it was agent for a Swiss concern and not a principal. No delivery took place, and Raytex served notice on Yorkshire of intention to arbitrate. Yorkshire, insisted it was not a proper party and moved for a stay, which was granted at Special Term. Up to the point of disclosure of the name of the Swiss company, Yorkshire was either a principal or an agent for an undisclosed principal. No claim of mistake or fraud was made. On the basis of the writing, and the surrounding circumstances, Yorkshire was subject to arbitration and Raytex, which had dealt only with Yorkshire had never, by conduct or otherwise, accepted the Swiss concern as a party, though Special Term found its letter of inquiry and the response thereto to have been a " clarification of the agreements." The " clarification " was completely unilateral and unduly belated as far as Raytex was concerned and did not have the effect of converting a theretofore undisclosed principal into one disclosed *ab initio*. *Matter of Lehman* v. *Ostrovsky* (264 N. Y. 130) has no application. The contract is solely with Yorkshire and there is nothing in the record to indicate that Raytex had ever even heard of the Swiss concern, let alone being willing to do business with it. In the circumstances, there being a valid contract between the parties for arbitration, Raytex is entitled to have the arbitration proceed. Concur — Markewich, J. P., Murphy, Steuer and Capozzoli, JJ.