■  In the Matter of the Arbitration between PHILLIPS-VAN HEUSEN INC., Petitioner, and JOSEPH & FEISS COMPANY, Appellant, and C. ITOH & COMPANY (AMERICA), INC., Respondent.—Judgment, Supreme Court, New York County, entered June 11, 1975, reversed, on the law, the judgment and underlying order vacated, the decision of the motion to stay, and the cross motion to compel arbitration held in abeyance, and the matter remanded for a hearing pursuant to CPLR 7503 (subds [a], [b]), with $40 costs and disbursements of this appeal to abide the event. There appears to be no doubt that petitioner-appellant Joseph & Feiss Co. had a valid agreement to arbitrate differences thereunder with the other contracting party, Textured Fabs, Inc. C. Itoh & Co. has sought arbitration with Joseph & Feiss under that same contract, claiming to be the latter's principal and itself the prime seller of the subject merchandise, and Textured Fabs' assignor. Special Term

has held—we rule, in error—that Itoh may arbitrate as such assignor, apparently relying on the holding in *Matter of O'Connell (De Witt Conklin Organization)* (15 AD2d 758). That case is completely distinguishable, involving succession by assignment of a corporation to a partnership, a change in form only with the same principals before and after, and, so to speak, assignment from self to self. The case under review is more akin to *Yorkshire Int. v Raytex Fabrics* (44 AD2d 780), wherein it was held that a completely undisclosed principal could not be brought into arbitration in place of its agent, with whom the other party had dealt, in complete ignorance of the stranger to it, the principal. Itoh's status is not clear on this record: a factor or a disclosed principal—which? The fact that merchandise was paid for with checks to Itoh is not determinative for that is the normal course in dealing with a factor. Or perhaps some other relationship existed, but since its type is not determinable on this record, the question of what it is should be determined at a hearing (CPLR 7503, subds [a], [b]), following which the applications to stay or to compel arbitration may properly be decided. (Cf. *Matter of Gantt [Hurtado & Cia.]*, 297 NY 433.) Concur—Stevens, P. J., Markewich and Lane, JJ.; Capozzoli, J., dissents and would affirm on the opinion of Saypol, J., at Special Term.