■ ROBERT W. KAHN, Appellant, v RALPH BIERNBAUM et al., Respondents.—Judgment, Supreme Court, New York County, entered November 13, 1975, unanimously reversed, on the law, the judgment vacated, the petition reinstated and the matter remanded for a hearing on the sole issue of whether Hollytor Properties Limited, Hollywood Associates, Ltd., and R.B.C. Associates, Ltd., should be permitted to arbitrate with petitioner-appellant, and arbitration temporarily stayed during the pendency and determination thereof. Appellant shall recover of respondents $40 costs and disbursements of this appeal. Although the cover page of the specifications prepared by petitioner and various construction agreements set forth respondents Hollytor, Hollywood and R.B.C. as owners, nevertheless the architectural contract dated January 5, 1969, containing the agreement to arbitrate, specifically named respondent Biernbaum as the owner and was subscribed solely by him and petitioner. Said contract provided in paragraph "L", so far as pertinent, that: "The Owner and the Architect, each binds himself, his partners, successors, legal representatives, and assigns, to the other party to this agreement, and to the partners, successors, legal representatives and assigns of such other party in respect of all covenants of this agreement." The mere assertion of respondent Biernbaum that respondents Hollytor, Hollywood, and R.B.C. were his partners, successors in interest or assignees is insufficient to establish, in the face of petitioner's claim to the contrary, that said respondent Hollytor, Hollywood and R.B.C. are entitled to be parties to the demanded arbitration. There was no evidentiary showing that said respondents were partners, successors in interest, or assignees of respondent Biernbaum so as to come within the contract provision to which reference has been made. No party is bound to arbitrate "unless by clear language he has so agreed" *(Matter of Lehman v Ostrovsky,* 264 NY 130, 132), nor should parties be "inveigled" into arbitration *(Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.],* 306 NY 288). Where a valid agreement to arbitrate exists but the right of a party seeking to enforce that agreement is unclear, a hearing should be had pursuant to CPLR 7503 (subds [a], [b]) to determine whether such party has standing in relation to said agreement. *(Phillips-Van Heusen, Inc. [Itoh],* 50 AD2d 546; *Matter of Jaffee v George Constr. Co.,* 54 AD2d 631). Since the record is unclear as to whether respondents Hollytor, Hollywood and R.B.C. possess such status, a hearing to determine that issue is required. As to petitioner's contention that the claim is barred by the Statute of Limitations *(Matter of Paver & Wildfoerster [Catholic High School Assn.],* 38 NY2d 669), is controlling. Concur—Stevens, P. J., Birns, Capozzoli, Lane and Nunez, JJ.