■ WILLIAM MORGAN, Respondent, v CARMEL W. EITT et al., Appellants. — Main, J. P. Appeal from an order and judgment of the Supreme Court at Special Term (Doran, J.), entered August 27, 1984 in Washington County, which granted plaintiff's motion for summary judgment.

Defendant Carmel W. Eitt owns a one-fifth interest as a tenant in common in an approximately 400-acre parcel of real property located on Lake George in Washington County. Her sister, defendant Nancy W. Thompson, owns a two-fifths interest in the property. One-fifth interests in the property are also owned by defendants' brother and sister-in-law, who shall be

referred to as "the siblings". Defendants, by separate but identical contracts dated January 12, 1984,[*] agreed to sell their combined three-fifths interest in the property to plaintiff for $335,000. This agreement followed years of negotiations which involved not only plaintiff and defendants, but the siblings, who did not want to sell their interest. Apparently, at an earlier time, defendants and the siblings had reached agreement to partition the property and to require any sale by defendants to include a right-of-way in favor of the siblings for access to their partitioned property. In November 1983, plaintiff and defendants executed a "memorandum of understanding" which established proposed terms for plaintiff to purchase defendants' interest in the property and reflected the property partition and right-of-way requirement as agreed to by defendants and the siblings. The agreement between defendants and the siblings concerning the partition and the right-of-way, however, was never consummated. Plaintiff then indicated a desire to purchase defendants' undivided three-fifths interest in the property and the contract dated January 12, 1984 was signed.

At the closing, plaintiff tendered performance, which was refused by defendants' attorney acting on defendants' behalf. Plaintiff then commenced this action seeking specific performance of the contract. Defendants answered, asserting a general denial, affirmative defense and counterclaims. The affirmative defense alleges that the contract is void for fraud, deceit, misrepresentation and concealment. The counterclaims seek, *inter alia,* rescission for essentially the same grounds. Plaintiff's motion for summary judgment was granted by Special Term, which concluded that any alleged misrepresentations were not material ones which induced defendants to sign the January 12, 1984 agreement and were of open and obvious conditions that defendants should have investigated. This appeal by defendants followed.

In support of his motion for summary judgment seeking specific performance of the contract dated January 12, 1984, plaintiff presented evidence of the contract and its terms, of his readiness, willingness and ability to perform, of defendants' ability but refusal to perform, and of the inadequacy of a remedy at law due to the uniqueness of the land (*see, e.g.,* 55 NY Jur, Specific Performance, § 4, at 433 [1967]). Thus, plaintiff is entitled to summary judgment unless defendants demonstrate, in acceptable evidentiary form, that issues of fact exist (*see, e.g., Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). Defendants claim that plaintiff is not entitled to the relief sought and that

---

[*] We shall refer to these contracts as one.

the contract should be rescinded because plaintiff induced the contract through fraud and misrepresentations relief upon by defendants (see, *Albany Motor Inn & Rest. v Watkins,* 85 AD2d 797, 798). To support this claim, defendants have submitted two affirmations by their attorney; a lengthy narrative detailing the history of negotiations between the parties and the siblings; an affidavit, apparently prepared for other litigation, by a logger who has cut timber on property owned by plaintiff as well as the subject property; and an affidavit, also apparently prepared for other litigation, by defendant Eitt. Our review of these materials convinces us that Special Term properly concluded that summary judgment in favor of plaintiff was warranted.

The affirmations by defendants' attorney are insufficient proof to defeat plaintiff's motion, for it is well settled that a hearsay affirmation by counsel cannot defeat a summary judgment motion (see, e.g., *Neuman v Greenstein,* 99 AD2d 1018). Thus, defendants' counsel's affirmation that defendants would not have entered into the contract but for plaintiff's alleged misrepresentations is inadequate to defeat plaintiff's motion. Defendant Eitt's affidavit fails to state that she would not have entered into the agreement with plaintiff but for his various alleged misrepresentations and there is no acceptable evidence in the record concerning defendant Thompson's position on this issue. Thus, there is no acceptable evidence to support this contention. Similarly, the narrative, apparently part of a bill of particulars from some other action, has been submitted without verification and without supporting exhibits and is, therefore, of little weight.

The logger's affidavit seems to indicate that plaintiff was undertaking some road-building activity on defendants' property before plaintiff acquired any interest in the property or entered into the January 12, 1984 agreement and that plaintiff might have accepted some small sum, $125, in return for lumber cut by the logger on defendants' property. Close inspection of the record, though, reveals that these facts are insufficient to defeat plaintiff's summary judgment motion. For example, defendant Eitt states in her affidavit that she knew nothing about road construction by plaintiff until February 1984; therefore, she could not have relied on any representation by plaintiff concerning road building when she signed the January 12, 1984 contract. Indeed, nowhere in the papers submitted by defendants in *opposition* to the motion for summary judgment, other than in their counsel's affirmation, do defendants claim that they relied on any representations as to plaintiff's road building when they signed the January 12, 1984 contract. Likewise, there is nothing

in defendants' papers to support their contention of misrepresentation by plaintiff concerning the right-of-way in favor of the siblings. Thus, it is difficult to identify any misrepresentations by plaintiff or reliance thereon by defendants which would raise issues of fact precluding summary judgment for plaintiff.

It is also difficult to see how defendants are being injured. The conveyance of their interests in the property is on financial terms essentially the same as those delineated in the "memorandum of understanding". The omission of any requirement of a right-of-way in favor of the siblings does not legally affect defendants, for defendants have no legal obligation to ensure such a right-of-way in the absence of any agreement to such effect between defendants and the siblings. Furthermore, any liability plaintiff may have to defendants for improperly entering the subject property and accepting money for lumber cut therefrom can be addressed in an appropriate forum and should not prevent plaintiff from receiving summary judgment, especially in light of the small sum involved therein compared with the purchase price under the contract. In conclusion, we have failed to identify any issue of material fact which precludes granting plaintiff's motion for summary judgment and, accordingly, Special Term's granting of that motion must be affirmed.

Order and judgment affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.