■ ROTHSCHILD SUNSYSTEMS, INC., Respondent, v RICHARD PAWLUS, Doing Business as DUTCH CITY MARKETING, Appel-

lant.—Mahoney, P. J. Appeal (1) from an order of the Supreme Court (Ford, J.), entered March 20, 1986 in Albany County, which granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff, a corporation operating out of the City of Albany, allegedly received orders for merchandise from defendant, Richard Pawlus, doing business as Dutch City Marketing. Merchandise was shipped over a period from April 24, 1985 to June 24, 1985. Pawlus made partial payment on the account, but, when a balance of $9,882.34 remained unsatisfied, plaintiff commenced this action seeking the balance due.

On two occasions after the action was commenced Pawlus offered to satisfy the debt in installments. In October 1985, the attorney for Pawlus advised plaintiff that, on June 6, 1985, Dutch City Wood Products, Inc., a corporation, had filed a certificate of doing business as Dutch City Marketing. Plaintiff moved to amend its complaint to add Dutch City Wood Products, Inc. as a defendant. Plaintiff also moved for summary judgment against Pawlus for the amount demanded in the complaint. Supreme Court denied the motion to add the corporation as a defendant, but granted summary judgment against Pawlus. This appeal by Pawlus ensued.

The inquiry here is whether there exist any triable issues of fact. Plaintiff's complaint alleges that it shipped goods to Pawlus at his request, that Pawlus accepted the goods without objection and that the balance due on the account had not been paid despite reasonable demand having been made. Invoices to establish the allegations were submitted. Plaintiff also alleged that Pawlus never stated that he was acting on behalf of a corporation. Thus, plaintiff made out a cause of action on an account *(see,* 1 NY Jur 2d, Accounts and Accounting, §§ 4-8, at 156-160). It was then incumbent on Pawlus to demonstrate in acceptable evidentiary form that issues of fact existed *(see, Morgan v Eitt,* 111 AD2d 586, 587). Pawlus, in his opposing papers, did not deny that he placed the orders or received the merchandise. Nor did he dispute any of the items in the account *(see,* CPLR 3016 [f]). He simply alleged that he acted on behalf of the corporation, Dutch City Wood Products, Inc., which was doing business as Dutch City Marketing. Further, he stated that plaintiff was made aware of this fact on October 17, 1985. However, this was well after the orders were placed and filled. The record also includes a letter from Pawlus dated September 12, 1985, which he signed "Richard Pawlus Dutch City Marketing" and which bears a

letter head "Dutch City Marketing". No mention of a corporation is made.

An agent will be liable as a principal if the fact of the agency relationship is not known by the person with whom the agent deals *(Ardwin v Englert,* 81 AD2d 960, *affd* 56 NY2d 936). Such disclosure must be made at the time of the contract *(Yorkshire Intl. v Raytex Fabrics,* 44 AD2d 780). Here, Pawlus has failed to even allege that the existence of an agency was made known to plaintiff. Thus, summary judgment was properly granted to plaintiff.

Order and judgment affirmed, with costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.