■ EDWARD A. JABS et al., Appellants, v VERONICA D. JABS, Respondent. [633 NYS2d 616] —White, J. Appeal from an order of the Supreme Court (Bradley, J.), entered December 16, 1994 in Ulster County, which denied plaintiffs' motion for summary judgment.

In July 1988, plaintiffs Edward A. Jabs and Karen A. Jabs conveyed the lot adjacent to their home to their son, David Jabs (hereinafter Jabs), and his wife, who is the defendant in this action. In February 1989, defendant and Jabs entered into an agreement with plaintiffs in which they granted plaintiffs an option to repurchase the property should it be marketed. Thereafter the marital relationship of Jabs and defendant deteriorated and ultimately resulted in a judgment of divorce dated March 7, 1994. On or about December 28, 1993, having already received Supreme Court's written decision and in anticipation of the judgment's terms, defendant and Jabs listed the property for sale. Pursuant to the option to repurchase, Jabs informed plaintiffs on January 2, 1994 that the property had been placed on the market and plaintiffs then exercised their option to purchase the premises. As the option price eliminated her expected share of the equity in the property, defendant refused to honor the option and this action for specific performance ensued.

After joinder of issue, plaintiffs moved for summary judgment. Supreme Court, finding issues of fact concerning whether defendant had knowingly waived her rights to equitable distribution when she executed the option agreement and whether she had been properly advised concerning the true purpose of the agreement, denied the motion. Plaintiffs appeal.

As plaintiffs established the existence of the option agreement and its exercise, it was incumbent upon defendant to make an evidentiary showing that a genuine issue of fact exists (see, Hasbrouck v City of Gloversville, 102 AD2d 905, affd 63 NY2d 916). Here, defendant's opposition consisted primarily of her attorney's affidavits. Affidavits of an attorney made without personal knowledge of the facts stated therein are probatively valueless and without evidentiary significance (Zuckerman v City of New York, 49 NY2d 557, 563; Amsterdam Mem. Hosp. v Bardascino, 84 AD2d 590). Defendant has failed to factually challenge the validity of the option or its exercise and has failed to assemble and lay bare affirmative proof to establish that the matters alleged are real and capable of being

proven at trial (*see, Zuckerman v City of New York, supra,* at 562; *Hasbrouck v City of Gloversville, supra*).

We find no merit to defendant's contention that the divorce judgment implicitly voided or limited the option, since the option is not referred to in the judgment and plaintiffs were not parties to the divorce action. The option should have been addressed during the divorce proceedings and there is no basis for the contention that a failure of a married person to contemplate the future possibility of divorce and possible equitable distribution when making a contract should impact the rights of others in the contract. Therefore, we find that plaintiffs are entitled to a judgment compelling defendant to specifically perform her obligations under the exercised option (*see, Morgan v Eitt,* 111 AD2d 586).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and summary judgment awarded to plaintiffs.