■ WOLBERG ELECTRICAL SUPPLY COMPANY, INC., Respondent, v JOHN S. KWIATKOWSKI, Appellant. [652 NYS2d 375] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Kahn, J.), entered December 4, 1995 in Albany County, which granted plaintiff's motion for summary judgment.

Plaintiff seeks to recover from defendant sums allegedly due and owing for supplies purchased for the latter's business in 1992 and 1993. In response, defendant avers that the debts in question are not his personal liabilities, but those of his now-defunct corporation, Kwiatkowski Electric Company, Inc. (hereinafter KECI), for which he bears no individual responsibility. Supreme Court having granted plaintiff's motion for summary judgment and denied defendant's cross motion for similar relief, defendant appeals.

In support of its claim that defendant is individually liable for these amounts, plaintiff relies primarily upon a credit application and "guaranty" defendant signed in 1981, by which, plaintiff contends, defendant agreed to assume responsibility for KECI's debt. The purported "guaranty" (which was executed years before KECI was even formed) is of little aid to plaintiff, however, for it does not refer, or relate in any way, to indebtedness incurred by KECI or any other corporation. Indeed, the document is essentially meaningless, for it constitutes nothing more than an agreement by defendant to guarantee payment of his own obligations; the credit agreement merely establishes that plaintiff initially agreed to extend credit to defendant in his personal capacity, a fact that is not disputed.

In opposition to plaintiff's motion, defendant has proffered evidence tending to show that during the time period at issue, he transacted business with plaintiff only as a representative of KECI. These submissions—which include, in addition to items demonstrating that the goods in question were consistently ordered and paid for by KECI, a notice defendant swears was mailed to plaintiff shortly after the corporation was formed, stating that all further business was to be transacted with the corporate entity, of which he was president—are sufficient to raise a triable question of fact with respect to whether plaintiff had actual knowledge that defendant was doing business during the relevant time period as an agent of the corporation (*see, Tarolli Lbr. Co. v Andreassi*, 59 AD2d 1011, 1012).

This is not a situation where the putative debtor is attempting to rely on notice given *after* the liabilities were incurred (*compare, Rothschild Sunsystems v Pawlus*, 129 AD2d 933, 934, *lv denied* 70 NY2d 610; *Ardwin v Englert*, 81 AD2d 960, 961, *affd* 56 NY2d 936), or on the use of corporate checks and stationery alone without any explicit notification of the change in status (*compare, Tarolli Lbr. Co. v Andreassi, supra*, at 1012). Rather, the evidence, viewed in the light most favorable to defendant, as it must be at this juncture, demonstrates that he

clearly and unequivocally notified plaintiff, prior to the subject transactions, of his intent to thereafter conduct business only in the corporate form. Given these circumstances, it cannot be said that defendant is chargeable with the debts at issue as a matter of law (see, e.g., Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). Plaintiff's conflicting evidence, suggesting that defendant continued, even after incorporating, to accept invoices addressed to him personally, and to sign those invoices without further indicating his agency status, does, however, create a question of fact, rendering summary judgment in defendant's favor equally inappropriate.

Mikoll, J. P., Mercure and Crew III, JJ., concur.

Peters, J. (dissenting). I respectfully dissent. Notwithstanding the majority's characterization of the guarantee, the record reflects that when defendant went into the electrical contracting business in 1981, he personally signed a credit application and an unlimited guarantee of liability to establish his business relationship with plaintiff. By the terms of these documents, defendant agreed to pay all indebtedness incurred by him for all future purchases and to pay reasonable counsel fees and costs expended for collection. The unlimited guarantee "remain[ed] in full force until [defendant] deliver[ed] to [plaintiff] written notice revoking it as to indebtedness incurred subsequent to such delivery".

Pursuant to the credit application and the personal guarantee, goods and materials were delivered, upon demand, to defendant doing business as Kwiatkowski Electric Company. In 1987, it appears clear that defendant sent a general notice indicating that "Kwiatkowski Electric Co. has been sold to Kwiatkowski Electric Co., Inc." It further notified that all future transactions were to be conducted with Kwiatkowski Electric Company, Inc., with John Kwiatkowski as president, at the same business address prior to such incorporation.

Even with the change of name and subsequent incorporation, I believe it is clear that plaintiff had, at all times, conducted its business relationship with defendant personally and that defendant failed to submit sufficient evidence to raise a triable issue that he had, at any time, conducted business with plaintiff in a corporate capacity (see, Zuckerman v City of New York, 49 NY2d 557). After defendant's incorporation in 1987, plaintiff continued to send invoices naming defendant personally as the purchaser which were accepted without protest or challenge to this billing practice. Hence, whether or not the business was named Kwiatkowski Electric Company or Kwiatkowski Electric Company, Inc., absent delivery of a revo-

cation of the personal guarantee, I do not find sufficient evidence to warrant the denial of summary judgment. I would therefore affirm Supreme Court's order granting summary judgment to plaintiff.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment; said motion denied; and, as so modified, affirmed.