■ BARRY RESNICK et al., Respondents, v TED DOUKAS et al., Appellants, et al., Defendant. [689 NYS2d 228] —In an action, *inter alia*, to set aside conveyances of real property as fraudulent, the defendants Ted Doukas, Mary Hauptman Doukas, Blair International, Inc., and Bartony Realty Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated May 12, 1998, as denied (1) the motion of the defendants Ted Doukas and Mary Hauptman Doukas to dismiss the complaint, and (2) the cross motion of the defendant Blair International, Inc., to vacate the notices of pendency.

Ordered that the appeal by the defendant Bartony Realty Corp., so much of the appeal by the defendant Blair International, Inc., as is from the denial of the motion of the defendants Ted Doukas and Mary Hauptman Doukas, and so much of the

appeal of the defendants Ted Doukas and Mary Hauptman Doukas as is from the denial of the cross motion of Blair International, Inc., are dismissed, as those parties are not aggrieved thereby; and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

The complaint alleged that the defendants Ted Doukas and Mary Hauptman Doukas fraudulently conveyed their interests in certain real property to the defendant Blair International, Inc. (hereinafter Blair), without adequate consideration, in anticipation of a judgment against them as a result of a related action. The Supreme Court properly denied the cross motion of Blair to vacate the notices of pendency filed by the plaintiffs. The instant action affects the title to real property (*see, Moran v Harting,* 227 AD2d 391; *American Auto. Ins. Co. v Sansone,* 206 AD2d 445; *Amev Capital Corp. v Kirk,* 172 AD2d 714) and falls within the scope of CPLR 6501.

The motion of Ted Doukas and Mary Hauptman Doukas to dismiss the complaint on the ground that a prior action was pending was also properly denied. The prior action does not involve the same causes of action, nor are the parties identical (*see, Kent Dev. Co. v Liccione,* 37 NY2d 899, 901; *Marcus Dairy v Jacene Realty Corp.,* 193 AD2d 653; *Equestrian Assocs. v Freidus,* 192 AD2d 572, 574). Moreover, these defendants did not predicate their motion to dismiss before the Supreme Court upon the ground of failure to state a cause of action, and that ground cannot be considered for the first time on appeal (*see, McLearn v Cowen & Co.,* 60 NY2d 686, 689). Santucci, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.