■ Kathy Fenton, Individually and as Executor of Fred Ruchar, Deceased, Respondent, v John Ruchar, et al., Appellants. [750 NYS2d 900] —Lahtinen, J. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered November 1, 2001 in Delaware County, which granted plaintiff's motion for summary judgment.

In November 1987, Fred Ruchar (hereinafter decedent) transferred real property he owned in the Town of Andes, Delaware County, to the Frederick Ruchar Corporation (hereinafter the corporation). At that time, decedent, as president of the corporation, and one of his sons, defendant Thomas Ruchar, as

secretary/treasurer, signed two blank stock certificates. Also present at the meeting were decedent's other son, Robert Ruchar, who was vice-president of the corporation, and decedent's attorney, Fredrick Neroni. Following decedent's death in 1990, plaintiff, decedent's daughter, was appointed executor of his estate, and 10 years later, in April 2000, she commenced this action against Thomas Ruchar and the children of her deceased brother, Robert Ruchar, asserting that the shares of the corporation belonged to the estate. Plaintiff moved for summary judgment. Supreme Court treated the action, which had been commenced pursuant to RPAPL article 15, as a request for a declaratory judgment regarding ownership of the shares of the corporation and granted plaintiff's motion. Defendants appeal.

We reverse. Viewing the evidence in the light most favorable to the opponents of summary judgment (*see Barker v Kallash*, 63 NY2d 19, 23; *Ash v Fern*, 295 AD2d 869, 870), the record reveals substantial factual issues. While the fact that the stock certificates were left blank effectively made them bearer instruments (*see Lichtenstein v Eljohnan, Inc.*, 161 AD2d 397, 398; *Lapidus v Hiltzik*, 160 AD2d 682, 684), the proof presented did not undisputedly establish that decedent retained control of the stock certificates until his death. Indeed, Thomas Ruchar submitted an affidavit in opposition to the motion stating that "upon formation of the corporation, equal ownership of the corporation was divided between Thomas Ruchar and Robert Ruchar." His testimony from an examination before trial in a separate action commenced by plaintiff is included in the record and, when asked whether his father had any shares or retained "any sort of legal interest in the corporation," Thomas Ruchar responded, "no." There is thus a factual issue regarding whether decedent ever exercised ownership or control over the shares of the corporation and, if he did, a further issue exists as to whether he transferred the shares during his lifetime.*

Finally, we note that defendants argue that the complaint should be dismissed for failing to state a cause of action under RPAPL article 15 and, if treated as a declaratory judgment action, it should be dismissed as time-barred by the statute of limitations. While both these potentially meritorious defenses were included in their answer, defendants did not cross-move

---

* The location of the shares from 1987 until produced by Thomas Ruchar at an examination before trial in 1999 is not revealed in the record. The motion, however, was made before disclosure was completed and perhaps disclosure will shed light on this important issue.

for dismissal or raise these issues before Supreme Court. The merits of the defenses are thus not properly before us (*see Aronson v City of Mount Vernon*, 116 AD2d 613, 613-614; *see also Resnick v Doukas*, 261 AD2d 375, 376; *Tibodeau v Abrahams*, 260 AD2d 367, 368), and we decline, on this limited record, to exercise our discretion to address the issues (*cf. Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430; *Falsitta v Metropolitan Life Ins. Co.*, 279 AD2d 879, 881). Our decision, however, should not be construed to prevent defendants from pursuing these defenses in an appropriate motion before Supreme Court (*see Aronson v City of Mount Vernon, supra* at 614).

Cardona, P.J., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.