■ ALBERT F. HOLLY et al., Respondents, v BETTY S. MORGAN, Appellant. [768 NYS2d 709]—

Mugglin, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered October 8, 2002 in Chemung County, which, inter alia, partially granted plaintiffs' cross motion for summary judgment.

In this RPAPL article 7 proceeding, plaintiffs seek to evict defendant and terminate an option to purchase. Defendant moved, pursuant to CPLR 3211 (a) (7), for dismissal of the complaint and plaintiffs cross-moved for summary judgment seeking, among other things, dismissal of defendant's affirmative defenses and counterclaim. Supreme Court granted plaintiffs' cross motion to this extent, and defendant appeals.

The proponent of a motion for summary judgment is required to tender sufficient, competent, admissible evidence establishing a prima facie entitlement to judgment as a matter of law so as to demonstrate the absence of any material issue of fact (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]). Only when this burden is met is the opponent required to produce competent admissible evidence establishing the existence of a material issue of fact which would preclude a grant of summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Here, the parties entered into what plaintiffs claim is a lease agreement for a house and lot located in the Town of Millport, Chemung County. Defendant's answer interposes affirmative defenses of abuse of process, payment and fraud while the counterclaim asserts that defendant has title to the premises and purports to assert a cause of action based upon fraud. The fundamental thread of defendant's claim is that plaintiffs' intentionally misrepresented their ownership of the parcel under lease when, in fact, defendant is the lawful owner.

In our view, plaintiffs, as proponents of the cross motion for summary judgment, did not meet their initial burden. Plaintiffs' cross motion failed to address defendant's affirmative defense of abuse of process in any meaningful fashion and failed to address substantively defendant's claim of prepayment of the rent. Further, to shift the burden to defendant, plaintiffs were obligated to establish their ownership. Plaintiffs' counsel asserts that plaintiffs acquired title through a tax sale (not part of this record), a quitclaim deed (not in the record), and a boundary line agreement, which, while in the record, contains no description of plaintiffs' property. Counsel further asserts that plaintiffs' title was affirmed by a "quiet title" action. A copy of a judgment obtained by plaintiffs is included in the record, but defen-

dant is not a party to this action and the judgment contains no description of the real estate affected and is, therefore, of no probative value. Lastly, plaintiffs assert that they have acquired title insurance and a mortgage on the premises, neither of which is in this record. The burden thus never having shifted, perceived inadequacies in defendant's proof are not germane.

Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as partially granted plaintiffs' cross motion; cross motion denied in its entirety; and, as so modified, affirmed.