■ MELISSA CHIARINI, an Infant, by PAUL CHIARINI, Her Parent, et al., Respondents, v COUNTY OF ULSTER, Appellant. [780 NYS2d 669]—

Lahtinen, J. Appeal from an order of the Supreme Court (Bradley, J.), entered April 10, 2003 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

In January 1999, plaintiff Melissa Chiarini sustained serious injuries when a sled she was riding with plaintiff Eli Brown allegedly struck a cement post near a catch basin at the edge of County Route 51 (also known as West Saugerties Road) in the Town of Saugerties, Ulster County. The two teenagers had started their ride on Platt Cove Road, a town road that was not maintained during the winter and was reportedly a popular place for sledding. Their ride apparently continued onto the right-of-way of the county road, which was opened and maintained, where the accident occurred. Plaintiffs commenced separate negligence actions against the Town of Saugerties and defendant and the four actions were eventually consolidated.

The Town moved for summary judgment dismissing the consolidated action against it asserting, among other things, that it received no prior written notice of the alleged defective condition as required by its local law and also that General Obligations Law § 9-103 foreclosed liability for ordinary negligence. Supreme Court found that the action against the Town was precluded by the prior written notice statute and added, in dicta, that it agreed with the Town's contention regarding the applicability of General Obligations Law § 9-103. Defendant then moved for summary judgment asserting only General Obligations Law § 9-103 as a ground for dismissal. In support of the motion, defendant submitted an attorney's affidavit, the Town's memorandum of law from its motion and Supreme Court's decision from the Town's motion. Plaintiffs opposed the motion with numerous affidavits and transcripts from depositions upon oral questions. Supreme Court denied the motion. Defendant appeals.

When pursuing summary judgment, the movant bears the threshold burden of tendering evidentiary proof in admissible form establishing entitlement to judgment as a matter of law (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]; *Holly v*

*Morgan*, 2 AD3d 1170, 1171 [2003]). The affidavit of defendant's attorney, who claimed no personal knowledge of the germane facts, was "probatively valueless and without evidentiary significance" (*Jabs v Jabs*, 221 AD2d 704, 704 [1995]; *see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). Similarly, the Town's memorandum of law from a prior motion that was attached to the affidavit of defendant's attorney had no evidentiary value (*see Ellsworth v City of Gloversville*, 269 AD2d 654, 655 [2000]). Indeed, it appears that defendant was essentially premising its motion upon Supreme Court's dicta regarding General Obligations Law § 9-103 in the decision addressing the Town's motion. Dicta, however, "should not be accorded preclusive effect" (*Pollicino v Roemer & Featherstonhaugh*, 277 AD2d 666, 668 [2000]). While General Obligations Law § 9-103 constitutes substantive law and not an affirmative defense (*see Ferres v City of New Rochelle*, 68 NY2d 446, 450 [1986]), determining the applicability of the statute is nevertheless generally a fact-driven analysis, particularly when a municipality is implicated (*see Sena v Town of Greenfield*, 91 NY2d 611 [1998]; *Ferres v City of New Rochelle, supra*; *Walters v County of Rensselaer*, 282 AD2d 944 [2001]; *Perrott v City of Troy*, 261 AD2d 29 [1999]). Defendant failed to submit any evidentiary proof providing a factual framework for analyzing the applicability of General Obligations Law § 9-103 and, thus, did not meet its threshold burden on the motion for summary judgment.

Defendant's further argument regarding the scope of its duty was not asserted as a ground for dismissal in its motion papers and, on this record, we decline to address it (*see Fenton v Ruchar*, 300 AD2d 898, 900 [2002]; *Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 625-626 [1995]).

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.