■ WFR ASSOCIATES et al., Respondents, v MEMORIAL HOSPITAL, Also Known as ALBANY MEMORIAL HOSPITAL, et al., Appellants. [788 NYS2d 459]—

Rose, J. Appeal from an order of the Supreme Court (Benza, J.), entered April 20, 2004 in Albany County, which denied defendants' motion to dismiss the complaint and granted summary judgment to plaintiff.

Defendant Memorial Hospital conveyed land on its campus to an affiliate, defendant Shaker Properties, for the purpose of developing a medical office building for Memorial's medical staff. Shaker then leased the land for a 99-year term to a developer who constructed the office building and conveyed condominium units to purchasers, including plaintiffs. The deed

from Memorial to Shaker Properties provided that, except as authorized by Memorial in writing, only "qualified persons" could own or occupy units in the office building and "qualified person" was defined as a member of Memorial's medical staff. The documents governing the condominium units owned by plaintiffs and others also included this restriction.

When plaintiffs were unable to obtain Memorial's permission to sell their units to nonstaff physicians, they commenced this action alleging, among other things, that the qualified-person restriction constitutes an unreasonable restraint on alienation of an interest in real property. Prior to answering, defendants moved for an order pursuant to both CPLR 3211 (a) and, alternatively, CPLR 3212 dismissing the action based on, among other things, lack of standing to raise a claim under the Martin Act (*see* General Business Law art 23-A), lack of privity and failure to state a cause of action based on plaintiffs' alleged waiver of any restraint on alienation. Supreme Court denied defendants' motion and searched the record. Without notifying the parties, the court reached the merits of plaintiffs' underlying claim, decided that the qualified-person restriction is an unreasonable restraint on alienation as a matter of law and granted plaintiffs summary judgment striking the restriction from the documents governing plaintiffs' ownership. Defendants now appeal.

We agree with Supreme Court's determination that the Martin Act is inapplicable because plaintiffs do not claim a violation of its provisions (*see* General Business Law art 23-A), and the functional equivalent of privity exists here between the parties (*see City School Dist. of City of Newburgh v Hugh Stubbins & Assoc.*, 85 NY2d 535, 538-539 [1995]).

We must conclude, however, that given the limited nature and focus of the issues raised by defendants' motion, Supreme Court erred in granting summary judgment declaring the qualified-person restriction to be an unreasonable restraint on alienation. While a court has the authority to search the record and grant summary judgment to a nonmoving party (*see* CPLR 3212 [b]), such authority is limited to claims or issues raised and addressed by the moving party (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 430 [1996]). Here defendants sought dismissal on a number of grounds, but none of them raised the issue of whether the restriction was an unreasonable restraint on alienation. Rather, in relying on documentary evidence and arguing that no cause of action was stated, defendants asserted only that plaintiffs had effectively waived any challenge to the restriction. The merits of plaintiffs' claim of an unreasonable restraint were not before

the court and could not form the basis of an award of summary judgment to plaintiffs (*see Costello v Hapco Realty*, 305 AD2d 445, 446 [2003]; *White v La France*, 203 AD2d 765, 766 [1994], *lv denied* 84 NY2d 977 [1994]; *Conroy v Swartout*, 135 AD2d 945, 947 [1987]).

In any event, even if the issue had been raised, it should not have been decided as a matter of law. Whether a restraint on the disposition of property is unreasonable is a question of fact depending upon the restraint's purpose, duration and specification, if any, of the sale price (*see Wildenstein & Co. v Wallis*, 79 NY2d 641, 651-652 [1992]; *Metropolitan Transp. Auth. v Bruken Realty Corp.*, 67 NY2d 156, 161-162 [1986]). The reasonableness of the restriction here cannot be decided as a matter of law and certainly not on the limited record presently before us.

To the extent that defendants argue that the complaint should have been dismissed for plaintiffs' failure to join necessary parties, namely other owners of condominium units, we need note only that this ground for dismissal was not raised before Supreme Court and its merits are not properly before us (*see Fenton v Ruchar*, 300 AD2d 898, 899-900 [2002]; *Resnick v Doukas*, 261 AD2d 375, 376 [1999]).

The parties' remaining contentions are either without merit or need not be reached in light of our determination to reverse Supreme Court's grant of summary judgment to plaintiffs.

Crew III, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted summary judgment to plaintiffs; summary judgment denied; and, as so modified, affirmed. [*See* 3 Misc 3d 766.]