█ SUE Y. LEWIS, Respondent, v TOWN OF RICHLAND, Defendant, and ROBERT NORTH, Individually and as Town Clerk for the Town of Richland, Appellant. [910 NYS2d 332]—

Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, A.J.), entered July 30, 2009. The order, insofar as appealed from, denied that part of the motion of defendants to dismiss the assault cause of action against defendant Robert North, in his individual capacity and in his official capacity as Town Clerk for the Town of Richland.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained as the result of the actions of Robert North (defendant) in his individual capacity and in his official capacity as Town Clerk for defendant Town of Richland. The sole issue raised on appeal is whether Supreme

Court erred in denying that part of defendants' motion seeking dismissal of that part of the second cause of action alleging that defendant assaulted plaintiff. We affirm. According to defendants, that part of the second cause of action against defendant is barred by the one-year statute of limitations set forth in CPLR 215 (3). "In support of their motion to dismiss, [however,] defendants failed even to allege, much less establish, that [defendant] was not acting within the scope of his employment" when he committed the alleged assault (*Ruggiero v Phillips*, 292 AD2d 41, 44-45 [2002]). Defendants "thus failed to establish that CPLR 215 (3), rather than [the period of one year and 90 days set forth in] General Municipal Law § 50-i (1) (c), applies" to that part of the second cause of action against defendant (*id*. at 45). Defendants did not seek dismissal of the second cause of action against defendant on the ground that it fails to state a cause of action against defendant for assault, "and that ground cannot be considered for the first time on appeal" (*Resnick v Doukas*, 261 AD2d 375, 376 [1999]). Present—Fahey, J.P., Carni, Lindley, Green and Gorski, JJ.