Lahtinen, J.
Appeal from a judgment of the Supreme Court (LaBuda, J.), entered February 23, 2012 in Sullivan County, which granted plaintiffs motion for summary judgment.
*1192 Defendant owns real property in the Town of Liberty, Sullivan County on which a gas station, convenience store, pizzeria and other commercial space are located. In 2006, defendant sold plaintiff the gas station and convenience store businesses and also leased the premises for those businesses to plaintiff. The 10-year lease, with renewal option, was comprised of a form lease and rider thereto that specifically prevailed in the event of a conflict with the form lease. In 2010, plaintiff commenced this action alleging breaches of various provisions of the lease and seeking monetary damages as well as counsel fees. Following some disclosure, plaintiff moved for summary judgment. Supreme Court granted plaintiffs motion in a decision and order that awarded plaintiff $10,446.75 on its first cause of action, $1,975.72 on the second cause of action, $4,738.36 on the third cause of action, $6,480 on the fourth cause of action, and counsel fees of $12,250 plus disbursements. Supreme Court also directed defendant to install a new septic system. Judgment was entered on the order and defendant appeals.
“Interpretation of a written agreement requires us to determine the parties’ intent as derived from the language of the instrument, with the words and phrases employed given their plain meaning” (Accurate Realty, LLC v Donadío, 80 AD3d 1041, 1041 [2011], lv dismissed 17 NY3d 844 [2011], lv denied 21 NY3d 858 [2013] [citations omitted]; see MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645 [2009]). “[A] contract should be ‘read as a whole, and every part will be interpreted with reference to the whole; and if possible it will be so interpreted as to give effect to its general purpose’ ” (Beal Sav. Bank v Sommer, 8 NY3d 318, 324-325 [2007], quoting Matter of Westmoreland Coal Co. v Entech, Inc., 100 NY2d 352, 358 [2003]; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162-163 [1990]). In the procedural context of a summary judgment motion, facts are viewed in the light most favorable to the nonmovant (see e.g. U.W. Marx, Inc. v Koko Contr., Inc., 97 AD3d 893, 894 [2012]).
Plaintiffs first cause of action sought reimbursement of all expenses it had incurred in maintaining the septic system. In paragraph R-8 of the rider, defendant acknowledged that the septic system was inadequate and needed reconstruction, agreed to obtain municipal approvals and complete reconstruction, and provided that it remained responsible to maintain and expand the system. It is undisputed that the septic system has not been reconstructed. Defendant, however, contends that it has spent a significant amount of money in engineering costs and attempting to get municipal approval, but has been unable to obtain *1193 necessary approval. In the meantime, plaintiff has incurred considerable costs as a result of having to pump out the system frequently and repeatedly.
We reject defendant’s contention that it is not responsible for the pumping and other costs incurred by plaintiff in keeping useable the otherwise inadequate septic system. The agreement acknowledged the deficient nature of the system, defendant agreed to replace it, defendant failed to do so, and plaintiff undisputedly incurred extra costs in attempting to operate its business with the inadequate system. Defendant’s assertion that plaintiff’s use on the premises of a washing machine— which defendant apparently sold to plaintiff — reduces or relieves its responsibility regarding the septic system because it adds unnecessary water to the system is without merit. The award of monetary damages on the first cause of action was proper.
Supreme Court also ordered defendant to install a new septic system in compliance with all municipal and state requirements. However, plaintiff did not seek such relief in its complaint or the other pleadings in the record. When it included the request in its summary judgment motion, defendant responded by raising the issue of rescission based upon asserted extreme impracticality as reflected by its alleged engineering costs and unsuccessful efforts to obtain approval for a new system. Under such circumstances, it was error to grant relief on this issue as a matter of law at this point in the litigation.
With regard to plaintiffs second cause of action involving its cost to replace the air conditioner and compressor, paragraph R-13 of the rider requires defendant to pay half the cost for such equipment. Moreover, paragraph R-13, unlike the immediately preceding paragraph R-12, does not have a provision requiring notice to defendant prior to such work. Plaintiff was appropriately awarded summary judgment on its second cause of action in which it sought half the cost it incurred in replacing the air conditioner and compressor.
In the third cause of action plaintiff sought expenses it incurred to repair the underground petroleum tanks. Paragraphs R-ll and R-19 of the rider set primary responsibility for the tanks with defendant. While plaintiff asserts that it was not responsible for any of the problems with the tanks, it does not dispute that its negligent conduct regarding the tanks could reduce defendant’s liability. One of the purported problems with the tanks involved the cost to remove water. Defendant presented evidence that its representative had observed caps missing from the tanks and that, despite having warned plaintiffs employee and given such person replacement caps, he continued *1194 to see caps missing on several occasions. Viewed most favorably to defendant, there is an issue of fact regarding whether plaintiff contributed to some of the problems that necessitate repairs of the petroleum tanks and, accordingly, plaintiff should not have been awarded summary judgment on the third cause of action.
Plaintiffs fourth cause of action demanded half the cost for replacing the gas console/register. Paragraph R-12 of the rider provides for the parties to split such cost and indicates that the cost would be subject to mutual approval, which shall not be unreasonably withheld. Plaintiff gave defendant notice that Mobil was requiring the replacement of these items and supplied estimates for the work. Defendant failed to respond. Plaintiff afforded ample notice to defendant and, under the terms of the pertinent contractual language, was entitled to half the cost incurred.
Finally, we turn to counsel fees. Supreme Court properly reformed the lease to provide that the party who prevails is entitled to counsel fees in that the actual language, which awarded counsel fees to the losing party, was a mutual mistake. However, since we have found factual questions that will require further legal work, we vacate the award of counsel fees without prejudice to reconsider at the conclusion of the action (see Metropolitan Steel Indus., Inc. v Perini Corp., 36 AD3d 568, 570 [2007]).
Rose, J.P, Garry and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as (1) ordered defendant to install a new septic system on the premises, (2) granted plaintiff summary judgment on its third cause of action and ordered reimbursement in the amount of $4,738.36, and (3) awarded plaintiff counsel fees and disbursements; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.