■ ALAN S. GOLDMAN et al., Appellants, v EMERALD GREEN PROPERTY OWNERS ASSOCIATION, INC., Respondent. [984 NYS2d 459]—

Egan Jr., J. Appeal from an order of the Supreme Court (Gilpatric, J.), entered September 12, 2012 in Sullivan County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

In 1998, plaintiffs purchased property located at 47 Pond Lane in the Town of Thompson, Sullivan County. The parcel in question was part of a subdivision known as Emerald Green—a planned community consisting of 626 homes and more than 500 unimproved lots. Of the hundreds of parcels contained within the subdivision, 145 properties—including plaintiffs' property—were subject to a certain "Declaration of Covenants, Easements, Restrictions and Charges" issued by the original developer in 1969. Consistent with the terms of this declaration, plaintiffs were assessed—and until September 2009 paid—dues to defendant for the upkeep of certain amenities.

Recognizing that the 1969 declaration would expire by its own terms in September 2009, and in an apparent effort to unify the various covenants and restrictions governing the properties within the subdivision,[1] defendant amended its bylaws, drafted what it deemed to be a consistent set of covenants and restrictions and sent ballots to, among others, those property owners whose lots were subject to the 1969 declaration seeking approval to adopt a modified declaration for use by all of the subdivision's property owners.[2] A majority of the relevant property owners thereafter voted in favor of adopting what the parties have denominated as the 2007 declaration, pursuant to the terms of which the various property owners agreed to, among other things, pay an annual maintenance charge to defendant.

---

**1.** Not all of the properties within the Emerald Green subdivision were subject to the 1969 declaration. According to defendant, "at least six different documents describing the covenants and restrictions applicable to Emerald Green lots [had] been issued" over the years—each containing subtle differences and "varying expiration dates."

**2.** Although the relevant tally sheet reflects that plaintiffs did not vote (either in favor of or in opposition to the modified declaration), they do not dispute that they received notice and a ballot.

As noted previously, plaintiffs stopped paying dues to defendant in September 2009, prompting defendant to place a lien upon plaintiffs' property. Plaintiffs thereafter commenced this declaratory judgment action seeking, among other things, a declaration that they were not bound by the provisions of the 2007 declaration. Defendant answered and moved for summary judgment dismissing the complaint, and plaintiffs cross-moved for summary judgment. Supreme Court granted defendant's motion and denied plaintiffs' cross motion, and this appeal ensued.

The principles governing the interpretation of a written instrument are rather straightforward. "[W]hen the terms of a written [instrument] are clear and unambiguous, the intent of the parties must be found within the four corners of the [document], giving practical interpretation to the language employed and the parties' reasonable expectations. Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms. Furthermore, [i]nterpretation of an unambiguous [agreement] . . . is a function for the court, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument. A court should not imply a term which the parties themselves failed to include" (*Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester*, 99 AD3d 998, 999 [2012], *lv denied* 21 NY3d 853 [2013] [internal quotation marks and citations omitted]; *see M & P Upstate Corp. v D.R.S.R. Realty Corp.*, 111 AD3d 1191, 1192 [2013]).

Insofar as is relevant here, the 1969 declaration provided that "[t]hese covenants, restrictions, easements, reservations, . . . charges and conditions are to run with the land and shall continue in full force and effect for a period of twenty (20) years from the date hereof, after which time the same shall be automatically extended for two (2) additional successive periods of ten (10) years *unless an instrument signed by a majority of the then owners of the lots, and signed by [d]eclarant, has been recorded in the Sullivan County Clerk's Office agreeing to change said covenants and restrictions in whole or in part*" (emphasis added). The crux of plaintiffs' argument on appeal is that any modification of the 1969 declaration could only take place during the initial 20-year period, i.e., prior to 1989, and, therefore, the 2007 declaration—voted upon by the affected homeowners, adopted by defendant and duly recorded—is null and void. We disagree.

The highlighted language outlines the circumstances under and the procedure via which the covenants and restrictions

contained within the 1969 declaration could be modified. Reading the 1969 declaration as a whole, and giving due consideration to the punctuation employed,[3] it is evident that the covenants and restrictions embodied therein indeed could be modified during the 20-year "extension" period (1989 to 2009)—assuming, of course, that the required number of votes were cast and the appropriate procedures were followed. Hence, plaintiffs' strained interpretation to the contrary cannot stand.[4] As the four corners of the 1969 declaration permitted modification thereof after 1989, and inasmuch as defendant's submissions demonstrated that the appropriate procedures were followed with respect thereto, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Plaintiffs' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, P.J., Garry and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

3. Notably, no comma appears immediately before the highlighted language.

4. We note in passing that not only does the language of the 1969 declaration permit modification of the covenants and restrictions contained therein during the extension period (1989 to 2009), but there is an argument to be made that this was in fact the only period of time during which any such modification could be adopted, i.e., that prior to 1989, the parties simply were bound by the terms of the 1969 declaration as it then existed.