*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   October 23, 2014                517378
_____

MAXON ALCO HOLDINGS, LLC,

                    Appellant-
                    Respondent,

       v                                    MEMORANDUM AND ORDER

STS STEEL, INC.,

                    Respondent-
                    Appellant.
_____


Calendar Date:   September 8, 2014

Before:   McCarthy, J.P., Rose, Egan Jr., Devine and Clark, JJ.

                    _____


        Gilberti Stinziano Heintz & Smith, PC, Syracuse (Lisa
DiPoala Haber of counsel), for appellant-respondent.

        Hacker Murphy, LLP, Latham (Patrick L. Seely Jr. of
counsel), for respondent-appellant.

                    _____


Devine, J.

        Cross appeals from an order of the Supreme Court (Reilly
Jr., J.), entered April 4, 2013 in Schenectady County, which,
among other things, denied plaintiff's motion for partial summary
judgment.

        In 1989, defendant entered into a 35-year commercial lease
agreement with Schenectady Industrial Corporation (hereinafter
SIC) to lease real property located in an industrial park in the
City of Schenectady, Schenectady County.  Under the lease
agreement, defendant was obligated to pay a monthly base rent and
"additional rent" for, among other things, "[a]ll real property
taxes assessed against the subject premises."  SIC sold the

industrial park to plaintiff and assigned to plaintiff all of its rights pursuant to the lease. A few months later, plaintiff notified defendant that defendant owed, as additional rent, more than $1.3 million in outstanding property taxes and gave defendant 20 days to remit such payment. When no payment was made, plaintiff declared that it would elect to terminate the lease and take possession of the leased property in 30 days and, further, rejected defendant's demand for arbitration. Plaintiff commenced this action seeking, in its first cause of action, a judgment awarding plaintiff possession of the leased premises and a warrant of eviction. Plaintiff's second cause of action sought damages of more than $1.3 million for defendant's default in making additional rent payments and fair rental value of the property for the period following plaintiff's termination of the lease. Following joinder of issue, plaintiff moved for partial summary judgment on its first cause of action seeking defendant's eviction from the leased property. Defendant cross-moved for summary judgment dismissing plaintiff's first and second causes of action. Supreme Court denied plaintiff's motion and granted that part of defendant's cross motion to the extent that it challenged plaintiff's assertion that defendant was responsible for paying all of the property taxes imposed against the three tax parcels that are subject to the parties' lease agreement. Plaintiff now appeals.[1]

Plaintiff contends that it is entitled to judgment as a matter of law on its eviction cause of action inasmuch as defendant defaulted in paying, as additional rent, any portion of the back taxes that had accrued on the three tax parcels at issue, thereby triggering the cancellation provision in the lease agreement. Conversely, defendant maintains, among other things, that it fully satisfied its obligation to pay property taxes on the leased premises. It is well established that whether language employed in a contract is ambiguous presents an issue of

---

[1]    In its brief, defendant requests that this Court affirm Supreme Court's order and does not address its cross appeal, thereby abandoning it (see Mills v Chauvin, 103 AD3d 1041, 1044 n 2 [2013]; Matter of Dickinson v Woodley, 44 AD3d 1165, 1166 n 1 [2007]).

law for the courts to decide (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; Ruback's Grove Campers Assn., Inc. v Moore, 96 AD3d 1180, 1181-1182 [2012]; Hart v Kinney Drugs, Inc., 67 AD3d 1154, 1156 [2009]).  "'Interpretation of a written agreement requires us to determine the parties' intent as derived from the language of the instrument, with the words and phrases employed given their plain meaning'" (M & P Upstate Corp. v D.R.S.R. Realty Corp., 111 AD3d 1191, 1192 [2013], quoting Accurate Realty, LLC v Donadio, 80 AD3d 1041, 1041 [2011], lv dismissed 17 NY3d 844 [2011], lv denied 21 NY3d 858 [2013]).

In support of its motion, plaintiff's representative, Michael McDermott, averred that plaintiff was provided tax data from the City of Schenectady indicating that all 10 tax parcels in the industrial park had property tax arrears dating back several years — as early as 2005 for certain parcels — including the three parcels that were subject to the parties' lease. Following defendant's failure to remit payment of more than $1.3 million in additional rent, plaintiff alleged that such default provided grounds to terminate the lease and take possession of the leased premises.  Our interpretation of the term "subject premises," however, leads us to find, as Supreme Court did, that defendant's obligation to pay property taxes was limited to those portions of the three parcels that were expressly defined in the lease.  The original lease contained a section entitled "Description of Subject Premises," which stated that defendant leased "Parcel 304 and Parcel 'A'" as depicted in an annexed drawing.[2]  The lease was subsequently amended in 2008 after defendant purchased the building known as "Parcel 304" and decided to continue to lease the adjoining property after it became apparent that there were back taxes on the parcels that were subject to the lease.  The lease amendment, among other things, eliminated any reference to the building that defendant had purchased and, further, limited the description of the

_____

[2]   Paragraph 7 (C) further stated that "[f]or purposes of this lease, the subject premises shall consist of sixty-two thousand eight hundred (62,800) square feet," which described the building on Parcel 304 in which defendant operated its steel fabrication business.

subject premises to Parcel "A," which was explicitly described in a metes and bounds description that was attached as an exhibit to the lease.

Plaintiff insists that, while other lease provisions require defendant to pay a proportionate share of expenses that fall within the additional rent lease term, including costs for common area maintenance and municipal water and sewer services, the absence of any language that specifically apportions defendant's obligation to pay "[a]ll real property taxes" requires us to find that the provision relates to the three tax parcels in their entirety and not those portions of the parcels that defendant actually occupies. To do so, however, would require us to imply a term into the lease that "'the parties themselves failed to include'" (Goldman v Emerald Green Prop. Owners Assn., Inc., 116 AD3d 1279, 1280 [2014], quoting Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester, 99 AD3d 998, 999 [2012], lv denied 21 NY3d 853 [2013]). Supreme Court, having found no ambiguity in the lease language, properly construed and enforced it "in accordance with the parties' intent as discerned from the plain language of the contract itself" (Catskill Hudson Bank v A&J Hometown Oil, Inc., 115 AD3d 1090, 1092 [2014]) and, thus, found that plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on its claim that defendant's default under the lease allowed plaintiff to terminate the lease and recover possession of the property (see Alvarez v Prospect Hosp., 68 NY2d 320, 342 [1986]; Holly v Morgan, 2 AD3d 1170, 1171 [2003]).

Upon our consideration of the parties' remaining arguments, we find them to be either rendered academic or lacking in merit.

McCarthy, J.P., Rose, Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court