Matter of PricewaterhouseCoopers, LLP v Cahill (2022 NY Slip Op 03060)

Matter of PricewaterhouseCoopers, LLP v Cahill

2022 NY Slip Op 03060

Decided on May 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 05, 2022

Before: Gische, J.P., Kern, Oing, González, Scarpulla, JJ. 

Index No. 653664/20 Appeal No. 15894 Case No. 2020-05015 

[*1]In the Matter of PricewaterhouseCoopers, LLP, Petitioner-Respondent,
v
John Cahill, Respondent-Appellant.

Zeichner Ellman & Krause LLP, New York (William T. Marshall, Jr. of counsel), for appellant.
Winston & Strawn LLP, New York (Stephen L. Sheinfeld of counsel), for respondent.

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about September 9, 2020, which granted petitioner PricewaterhouseCoopers LLP's (PwC) motion to compel arbitration, and denied Cahill's cross motion to dismiss the petition, unanimously affirmed, with costs.
A party seeking to enforce a valid agreement to arbitrate in New York under CPLR 7503(a) is entitled to injunctive relief against further prosecution of proceedings in tribunals of other jurisdictions concerning matters within the scope of the arbitration agreement (Matter of S. M. Wolff Co. [Tulkoff], 9 NY2d 356, 361-362 [1961]; H. M. Hamilton & Co. v American Home Assur. Co., 21 AD2d 500, 502-503 [1st Dept 1964], affd 15 NY2d 595 [1964]; Matter of Gramercy Advisors LLC v J.A. Green Dev. Corp., 134 AD3d 652 [1st Dept 2015]). The plain language of the parties' arbitration provision called for arbitration in New York in accordance with AAA Commercial Rules or "such other alternative dispute resolution ('ADR') service as the parties may agree." As there has been no agreement between the parties to adopt other rules in this dispute, the AAA Commercial Rules in New York applied.
Although PwC did not provide a complete copy of the partnership agreement, that was not a violation of CPLR 409 and/or 2214 (c), as each requires that the movant has the responsibility to produce all documents "necessary to the consideration of the questions involved," which obligation PwC fulfilled. Cahill failed to raise any issue as to the existence and enforceability of the parties' agreement to arbitrate, as the record evidence showed that Cahill was provided a copy of the partnership agreement containing the arbitration provision on May 9, 2016, that PwC urged Cahill to carefully review that agreement, and that Cahill signed and agreed to be bound by the agreement seven weeks later, on June 29, 2016. That evidence belies Cahill's contention that PwC attempted to "conceal" the partnership agreement from him, particularly as he was an experienced financial services professional and an attorney (cf. Kahn v Biernbaum, 55 AD2d 589 [1st Dept 1976]).
An evidentiary hearing was not warranted, as claims of fraud in the inducement of the contract generally must be decided by the arbitrator (see Prima Paint Corp. v Flood & Conklin Mfg. Co., 388 US 395, 403-404 [1967]; see also Campaniello Imports, Ltd. v Saporiti Italia S.p.A., 117 F3d 655, 666-668 [2d Cir 1997]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 5, 2022