■ IDA LIGHT, Respondent, v. HARRY LIGHT, Appellant.— Order of the Supreme Court, Nassau County, dated October 18, 1965 and made on reargument, modified, on the law and the facts, by (1) striking out its decretal provisions directing defendant to make payments (a) to plaintiff for temporary support of plaintiff and a child of the parties and for a counsel fee and (b) for the mortgage and utilities for the marital home and (2) adding a decretal paragraph providing that plaintiff's motion insofar as it is for such payments is referred to the trial court for determination upon the proof adduced at the trial, which determination may make appropriate allowance *nunc pro tunc* as of the return day of plaintiff's original motion. As so modified, order affirmed insofar as appealed from, without costs. Applications for temporary alimony should not be made or encouraged unless there is genuine necessity (*Haas* v. *Haas*, 271 App. Div. 107; see, *Hunter* v. *Hunter*, 10 A D 2d 291, 297). In the case at bar, plaintiff admitted joint ownership with defendant of stocks and bonds totalling about $15,000 in market value and that she had full control of a Totten Trust savings bank account in the amount of $10,000. On this record we are unable to say that plaintiff has demonstrated that she has any need for the present award of alimony *pendente lite* or of counsel fees to enable her to carry on the action (*Kaplan* v. *Kaplan*, 25 A D 2d 563). The action should proceed to trial promptly. If warranted by the proof, the trial court may make an appropriate allowance *nunc pro tunc* as of the return day of the original motion for alimony *pendente lite* (*Margel* v. *Margel*, 22 A D 2d 919). The decision upon this appeal is without prejudice to any such determination. Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ LOUIS GENDELMAN RIGGING & TRUCKING, INC., Respondent, v. ALFRED J. KOEPPEL et al., Copartners Doing Business as KOEPPEL & KOEPPEL, Appellants.— In an action to recover a sum of money for work, labor and services, defendants appeal (1) from so much of an order of the Supreme Court, Kings County, dated July 18, 1967, as granted plaintiff's motion for partial summary judgment and severed the action and (2) from the judgment entered on said order. Order reversed insofar as appealed from and judgment reversed, on the law, without costs, and said motion denied. In our opinion, the papers submitted created doubt as to the existence of a triable issue, namely, whether plaintiff had actual knowledge, at the time the contract was made, that defendants were acting as an agent and knew the identity of the alleged principal (*Ell Dee Clothing Co.* v. *Marsh*, 247 N. Y. 392, 398; *Unger* v. *Travel Arrangements*, 25 A D 2d 40, 47; *Special Sections* v. *Rappaport Co.*, 25 A D 2d 896; *Empire Livestock Marketing Coop.* v. *Carney*, 279 App. Div. 951). Where such doubt exists, a motion for summary judgment should be denied (*Millerton Agway Coop.* v. *Briarcliff Farms*, 17 N Y 2d 57, 61). Christ, Acting P. J., Brennan, Hopkins and Munder, JJ., concur; Rabin, J. dissents and votes to affirm the order insofar as appealed from and to affirm the judgment.