■ TAROLLI LUMBER CO., INC., Respondent, v EDWARD ANDREASSI et al., Individually and Doing Business as ANDREASSI & SIMIELE, Appellants.— Judgment unanimously affirmed, with costs. Memorandum: The question presented is whether defendants, Edward Andreassi and Richard Simiele, are personally liable to plaintiff, Tarolli Lumber Co., Inc., for materials furnished on credit or whether plaintiff must look solely to a corporation known as "Addreassi & Simiele, Inc.", which defendants formed in March, 1969. Plaintiff's claim is in the amount of $20,711.95 and consists of orders placed by the defendants prior and subsequent to the date of incorporation. The trial court concluded that defendants were individually responsible for the amount claimed based upon its finding that defendants, as agents, failed to notify plaintiff that their principal was their newly formed corporation. We agree. Ordinarily an agent will not be liable on a contract if the agency is disclosed (*Savoy Record Co. v Cardinal Export Corp.,* 15 NY2d 1; *Mencher v Weiss,* 306 NY 1; *Jones v Archibald,* 45 AD2d 532). However, if the agency is undisclosed the fact of agency will not serve as a defense in an action by a

third party against the agent. Further, the agent will be liable even if the third party is aware that an agency relationship exists, so long as the agent fails to disclose the principal's identity *(Argersinger v MacNaughton,* 114 NY 535; *McClure v Central Trust Co. of N. Y.,* 165 NY 108, 128). At the time the first purchases were made the defendants were individually liable because their later-formed corporation had not yet been formed. One who assumes to act as agent for a principal which has no legal status or existence renders himself liable on the contract so made (2 NY Jur, Agency, § 281). The facts reveal that plaintiff billed defendants individually over the years that the account existed. Concededly, defendants made payments on the account with corporate checks. In a leading case the Court of Appeals has stated, however, that "[k]nowledge of the real principal is the test, and this means actual knowledge, not suspicion" *(Ell Dee Clothing Co. v Marsh,* 247 NY 392, 397). Therefore, the use by defendants of corporate checks to pay on the accounts billed to them as individuals does not charge the plaintiff with the required "actual knowledge". The mere fact that the plaintiff had reason to suppose that defendants were acting as agents will not relieve them from liability on this account *(Special Sections v Rappaport Co.,* 25 AD2d 896). There is no requirement that the plaintiff, as a third party, make an "investigation" to obtain actual knowledge whether the defendants with whom it was dealing were, in fact, agents for an undisclosed corporate principal *(Unger v Travel Arrangements,* 25 AD2d 40, 47). Indeed, defendant Andreassi concedes that no notice was given to plaintiff of the corporate status of their account which could readily have been done. Where, as here, agents fail to disclose their principal when it is within their power to do so, they should not escape liability *(Cobb v Knapp,* 71 NY 348). (Appeal from judgment of Onondaga Supreme Court—materials sold and delivered.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.