■ ALEXANDER ARDWIN, Doing Business as EXPANSION CONTRACTORS, Appellant, v CHRIS ENGLERT et al., Respondents. — Appeal from a judgment of the Supreme Court in favor of defendants, entered September 3, 1980 in Tompkins County, upon a decision of the court at a Trial Term, without a jury. As a result of discussions between plaintiff and defendant Zifchock early in August of 1977, an oral contract resulted pursuant to which plaintiff, a general contractor, was to renovate certain commercial property for defendants in return for which plaintiff was to receive his costs plus a fixed percentage. When the construction was later completed in January of 1978, however, there remained owing to plaintiff on the project a balance which he was unable to collect from defendants despite his repeated attempts to do so. Accordingly, he instituted the present action wherein he seeks to recover damages of $3,849 plus interest for his work and services. In response, defendants deny any individual liability to plaintiff and maintain that plaintiff's only recourse is to proceed against a presently defunct corporation, East Hill Foods, Inc., which defendants previously formed on July 7, 1977. After a nonjury trial of the action, the Trial Judge granted defendants' motion to dismiss the complaint based upon plaintiff's alleged failure to state a cause of action against defendants, and this appeal ensued. We hold that the judgment of Trial Term should be reversed. According to the testimony of both plaintiff and defendant Zifchock at the trial, plaintiff was never informed by defendants that they had entered into the subject contract on behalf of East Hill Foods, Inc., until the contracted renovation work had been completed and plaintiff sought payment from defendants of the balance remaining due on the contract. Under these circumstances, defendants are clearly liable to plaintiff on the contract either as principals or as agents of an undisclosed

principal, and the court erred in dismissing the complaint *(Tarolli Lbr. Co. v Andreassi,* 59 AD2d 1011). To be effective, disclosure must occur at the time the contract is made. Disclosures occurring after the contract is made will not relieve the agent from liability *(Yorkshire Int. v Raytex Fabrics,* 44 AD2d 780). In so ruling, we would further note that defendants are plainly not relieved of their individual liability to plaintiff merely because they used corporate checks of East Hill Foods, Inc., to make some payments to plaintiff on the contract *(Tarolli Lbr. Co. v Andreassi, supra).* In sum, plaintiff has made out a conclusive case against defendants on a breach of contract theory. That being so, the complaint herein must be reinstated, and this matter must be remanded to Trial Term for a determination of plaintiff's damages. Judgment reversed, on the law, with costs, complaint reinstated and matter remitted to Trial Term for further proceedings not inconsistent herewith. Kane, J.P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.