WILLIAM VENEZIO, Doing Business as KING REALTY, et al., Respondents, v ERMINO BIANCHI et al., Appellants.—Harvey, J.

Plaintiff William Venezio conducts his real estate business under the assumed name of King Realty. He has filed an assumed name certificate in the Schenectady County Clerk's office. On May 19, 1984, King Realty entered into a contract to purchase property in the Town of Rotterdam, Schenectady County, from defendants. The section of the contract entitled "Identification of the Parties to the Contract" stated that the

purchaser was King Realty. However, the end of the contract was signed "King Realty for Customer". Subsequently, on May 23, 1984, King Realty entered into a contract to sell the same property to plaintiff Mario Attanasio. When defendants refused to honor the May 19, 1984 contract, this action for specific performance was commenced. Plaintiffs moved for summary judgment and defendants made a cross motion for summary judgment, asserting the Statute of Frauds as an affirmative defense. Plaintiffs' motion was granted and defendants' denied. This appeal ensued.

Defendants contend that the May 19, 1984 contract failed to adequately identify who the purchaser was since it was signed "King Realty for Customer". Defendants argue that King Realty acted as an agent, who did not assume any obligations under the contract, and thus King Realty cannot be considered a purchaser. Further, defendants assert that any principal-agency relationship that may have existed between Attanasio and King Realty for the purpose of purchasing real estate was not evidenced by a writing when defendants signed the May 19, 1984 contract.

In order to be enforceable, a contract for the sale of real property must be in writing and subscribed by the party to be charged (General Obligations Law § 5-703 [2]). The writing must adequately identify the parties who are bound by the transaction *(Irvmor Corp. v Rodewald,* 253 NY 472). Here, the contract, which stated that King Realty was the purchaser, was signed "King Realty for Customer". Defendants were not given notice of who King Realty was purportedly purchasing the property for. Thus, assuming King Realty was not acting for itself, it was, at best, an agent acting for a partially disclosed principal (Restatement [Second] of Agency § 4 [2] [1958]). Unless the agreement specifically provides otherwise, an agent for a partially disclosed principal is a party to the contract and personally liable *(Rafner v Toplis & Harding,* 25 AD2d 826, 3 NY Jur 2d, Agency, § 313, at 128-129; Restatement [Second] of Agency § 321 [1958]). The contract in dispute did not provide exoneration to King Realty. King Realty was thus a party to the contract and an obligated purchaser under the terms of the contract. Accordingly, defendants have failed to show that the Statute of Frauds is a viable defense on the facts at hand *(see, Irvmor Corp. v Rodewald, supra,* p 476).

Having concluded that King Realty is a party to the May 19, 1984 contract, and thus that the contract is not voidable under the Statute of Frauds, defendants' other arguments do not merit discussion.

Order affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur.