■ RENNERT-DIANA & Co., INC., Respondent, v ANDREW COSTARINO et al., Appellants.—In an action to recover a real estate broker's commission pursuant to an exclusive agency agreement, the defendants appeal from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated July 8, 1985, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal amount of $91,000.

Ordered that the judgment is affirmed, with costs.

After reviewing the evidence presented at the trial, we find that Trial Term correctly determined that the defendants were individually liable for the plaintiff's commission under the exclusive agency agreement. In this regard, it is well settled that an agent for an undisclosed or unidentified principal is individually liable on a contract between the agent and a third party (see, McClure v Central Trust Co., 165 NY 108, 128; Tarolli Lbr. Co. v Andreassi, 59 AD2d 1011, 1012).

Further, an addendum to the exclusive agency agreement provided that the plaintiff would not be entitled to a commission if the defendants sold the property to certain named companies, on condition that such a sale was consummated within a "period of sixty (60) days from the commencement of the exclusive Real Estate Agency Agreement (3/1/83-4/30/-83)". The defendants contend that the court incorrectly interpreted the term "consummated". We disagree. In the context of the case at bar, a sale may be deemed "consummated" when the real estate contract is signed (see, White & Sons v La Touraine-Bickford's Foods, 50 AD2d 547, 548, affd 40 NY2d 1039). The court correctly found that the sale by the defendants to the third party was "consummated" when the contract was signed on June 7, 1983, a period of 37 days following the expiration of the 60-day period, and that the plaintiff was therefore entitled to its commission. Brown, J. P., Weinstein, Rubin and Spatt, JJ., concur.