■ NEW ENGLAND MARINE CONTRACTORS, INC., Respondent, v JAMES MARTIN, Appellant.—Levine, J. Appeal from an order of the Supreme Court (Brown, J.), entered February 24, 1989 in Saratoga County, which, inter alia, granted plaintiff's motion for summary judgment.

This action was commenced by plaintiff to collect from defendant payment for environmental cleanup services rendered on the premises of defendant's business, Jim Martin Chevrolet, Inc. The contract signed by the parties described defendant as the "owner" and listed "Martin Chevrolet" under the heading "job name". In each of five daily work reports, plaintiff identified the customer as "Jim Martin Chevrolet" or "Martin Chevrolet" and in all but one defendant was listed as the "customer contact". Following completion of the project, plaintiff sent a final bill to defendant at Martin Chevrolet.

Following the commencement of this action, plaintiff moved for summary judgment on the ground that defendant was personally liable under the agreement he signed. Defendant then cross-moved for summary judgment on the ground that plaintiff had failed to state a cause of action because he executed the contract solely as an agent for Jim Martin Chevrolet, Inc. Supreme Court granted plaintiff's motion for summary judgment. In its decision, Supreme Court determined that the documentary evidence submitted contained no indication that defendant was acting as an agent for a disclosed corporate principal and that defendant was, therefore, not insulated from personal liability. This appeal by defendant ensued.

Defendant contends that Supreme Court erred in granting plaintiff's motion for summary judgment. We disagree. Nei-

ther the contract nor any of the other documents relied upon gives any indication that Martin Chevrolet was a corporation, as opposed to simply a trade name. Taken in the light most favorable to defendant, the documentary evidence indicates at best that defendant was acting as an agent for a "partially disclosed principal", a term which denotes that the agency relationship is known, but the identity of the principal remains undisclosed (Restatement [Second] of Agency § 4 [2]). However, even in this case, defendant became personally liable under the contract (see, Tarolli Lbr. Co. v Andreassi, 59 AD2d 1011, 1012; Restatement [Second] of Agency § 321).

We are unpersuaded by defendant's contention that factual issues exist which made summary judgment inappropriate. Defendant's affidavit on his cross motion does not specifically aver that he ever informed plaintiff at the time they entered into the contract that he was acting on behalf of a corporate principal (see, Ardwin v Englert, 81 AD2d 960, affd 56 NY2d 936). Thus, in our view, defendant failed to raise any triable issues of fact and Supreme Court properly granted plaintiff's motion for summary judgment.

Order affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Levine, JJ., concur.