■ KAPLON-BELO ASSOCIATES, INC., Respondent, v PAT FARRELLY et al., Appellants. [633 NYS2d 522] —In an action to recover a real estate brokerage commission, the defendants appeal from a judgment of the Supreme Court, Queens County (Savarese, J.H.O.), dated March 11, 1994, which, after a nonjury trial, is in favor of the plaintiff and against the defendants in the sum of $48,204.40.

Ordered that the judgment is affirmed, with costs.

The defendants' contention that the plaintiff real estate broker is not entitled to its full commission because it violated its fiduciary duty to the defendants by producing a tenant financially unable to meet the terms of the lease is without merit. "It is well settled that absent an agreement to the contrary, a real estate broker earns his commission when he produces a party who is ready, willing and able to purchase or lease on the terms set by the seller lessor" *(Holzer v Robbins,* 141 AD2d 505, 506). Since the defendants negotiated and subsequently entered into a lease with the tenant produced by the plaintiff, the subsequent default by the tenant shortly after the lease was entered into does not affect the broker's right to recover a commission pursuant to the brokerage agreement *(see, Sauerhoff-Kessler Realty Corp. v Roma Shopping Plaza,* 201 AD2d 477; *Agency, Broad & Cornelia St. v Lavigne,* 97 AD2d 934).

Furthermore, after reviewing the evidence presented at the

trial, we find that the trial court correctly determined that the individual defendant Pat Farrelly was personally liable for the plaintiff's commission under the brokerage agreement. It is well settled that an agent for an undisclosed or unidentified principal is individually liable on a contract signed by the agent without disclosing his agency *(see, Rennert-Diana & Co. v Costarino,* 128 AD2d 691). Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.