■ LEONARD HOLZER ASSOCIATES, INC., Respondent, v JOHN ORTA, Appellant. [672 NYS2d 915] —In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), entered March 10, 1998, which, after a nonjury trial, and upon a decision of the same court dated November 20, 1996, is in favor of the plaintiff and against the defendant in the principal sum of $27,000. The defendant's notice of appeal from the decision is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

Where there is a disclosed principal-agent relationship and the contract relates to a matter of the agency, the agent will not be personally bound unless there is clear and explicit evidence of the agent's intention to be personally bound (*see, Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1, 4; *Palisades Off. Group v Kwilecki*, 233 AD2d 490). The fact that the agent signs the purported agreement in his own name is of no moment where the party alleging personal liability on the agent's part was aware that the agent was, in fact, acting as the agent

for a disclosed principal (*see, Kaszirer Diamonds v Zohar Creations*, 146 AD2d 492).

Here, the defendant signed a document agreeing to pay the plaintiff a "consulting fee" related to a real estate transaction between a corporation owned by the defendant and a third party, in which the plaintiff acted as a broker. Although the defendant did not specifically note on the document that he was signing in his capacity as corporate officer, the facts and circumstances surrounding the agreement support the conclusion that the defendant was acting as an agent for his own corporation and that the plaintiff had notice of the same. Accordingly, the defendant may not be held personally liable for the obligation. Santucci, J. P., Joy, Florio and McGinity, JJ., concur.