■ TTF, INC., Doing Business as CONTROL SERVICES NORTH-EAST, Respondent, v BROZMAN ARCHER REALTY SERVICES, INC, Also Known as BROZMAN REALTY CORP., Appellant. [722 NYS2d 408] —In an action to recover on an account stated, the defendant appeals from an order of the Supreme Court, Westchester County (Cowhey, J.), entered December 15, 1999, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff made out a prima facie case for summary judgment by establishing that the parties entered into a contract pursuant to which the plaintiff was to provide janitorial services to the defendant, and the defendant failed to disclose that it was acting as an agent for a third party (*see, Kaplon-Belo Assocs. v Farrelly*, 221 AD2d 321; *Rennert-Diana & Co. v Costarino*, 128 AD2d 691). The defendant acknowledged the debt owed to the plaintiff in a letter, and did not state that it was acting as an agent. In opposition, the defendant failed to raise any triable issue of fact (*see, Ardwin v Englert*, 56 NY2d 936; *E.D.S. Sec. Sys. v Allyn*, 262 AD2d 351). Ritter, J. P., Santucci, S. Miller and Smith, JJ., concur.

■ RONALD VALENTI et al., Respondents, v FERRARA BROTH-ERS, INC., Appellant. [722 NYS2d 408] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (LaTorella, J.), dated April 4, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In opposition to the defendant's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact that the defendant created or had actual or constructive notice of the alleged dangerous condition which caused him to slip and fall (*see, Mercer v City of New York*, 88 NY2d 955; *Cellini v Waldbaum, Inc.*, 262 AD2d 345; *Moorman v Huntington Hosp.*, 262 AD2d 290). Thus, the defendant was entitled to summary judgment dismissing the complaint. Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.