■ MOGUL MEDIA, INC., Appellant-Respondent, v NEW YORK OUTDOOR, INC., Respondent-Appellant. [778 NYS2d 907]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated March 4, 2003, as denied its motion for summary judgment and as granted that branch of the defendant's cross motion which was to direct it to join Informix Software, Inc., as a necessary party pursuant to CPLR 1001, and the defendant cross-appeals from so much of the same order as, in effect, denied that branch of its cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly determined that Informix Software, Inc. (hereinafter Informix), was a necessary party within the definition of CPLR 1001. The defendant, New York Outdoor, Inc. (hereinafter NYO), allegedly acted as the agent for a disclosed principal, Informix, when it entered into an April 2000 agreement with the plaintiff, Mogul Media, Inc. (*see Leonard Holzer Assoc. v Orta,* 250 AD2d 737 [1998]). Accord-

ingly, Informix was a necessary party to this action and the Supreme Court properly denied the plaintiff's motion for summary judgment. Further, summary judgment to NYO was properly denied due to the unusual circumstances here, as its counsel maintains possession of a portion of the disputed funds in escrow. S. Miller, J.P., Schmidt, Rivera and Spolzino, JJ., concur.