■ In the Matter of STEPHANIE ANDERSON, Appellant, v PODS, INC., Respondent. [896 NYS2d 88]—

In a proceeding, inter alia, to vacate a lien and to recover damages, the petitioner appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Bellatoni, J.), entered November 3, 2008, as dismissed her petition insofar as it sought to recover damages.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is reinstated insofar as it sought to recover damages.

The petitioner alleges that in December 2007, she entered

into an agreement, via the Internet, with the respondent, PODS, Inc. (hereinafter PODS), for the storage of her personal property. In 2008 the petitioner allegedly fell behind in her monthly storage fee payments, and on July 3, 2008, PODS sent the petitioner a notice of default and preliminary lien, advising her that if payment was not received her property would be "sold or disposed of pursuant to New York Self Storage Facilities Act (NY Stat. 182)." On July 16, 2008, PODS allegedly sent the petitioner a "notice of auction." The petitioner's property was sold at auction on August 14, 2008.

Shortly thereafter, the petitioner commenced this proceeding seeking, inter alia, to vacate the lien and to recover damages. The petitioner argued that the notice dated July 3, 2008, was defective under the applicable provisions of Lien Law § 182. In an affirmation submitted by counsel, PODS argued, inter alia, that it was not a proper party to the proceeding since the petitioner's contract was with a disclosed local franchisee, Westrock Portable Storage, LLC (hereinafter Westrock), and that PODS was merely the "billing and collecting agent" for Westrock. The Supreme Court agreed that PODS was not a proper party and further found that the auction of the petitioner's property was properly noticed and conducted pursuant to Lien Law § 182.

An agent who acts on behalf of a disclosed principal will generally not be liable for a breach of contract (*see Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1, 4 [1964]; *John Holzer Assoc. v Orta*, 250 AD2d 737 [1998]). A principal is considered to be "disclosed" if, at the time of a transaction conducted by an agent, the other party to the contract had notice that the agent was acting for the principal and of the principal's identity (*see* Restatement [Third] of Agency § 6.01). In this case, considering all of the relevant circumstances and, in particular, the circumstances surrounding the execution of the storage rental agreement which identified itself as a "PODS Rental Agreement," Westrock was not a disclosed principal (*cf. John Holzer Assoc. v Orta*, 250 AD2d 737, 738 [1998]). In addition, there is no evidence in the record to support defendant's assertion that PODS is only the billing and collecting agent for Westrock, and no evidence that otherwise defines the legal relationship between these two entities. Accordingly, the Supreme Court erred in concluding that PODS was not a proper party herein.

It was also error for the court to find that the auction of the petitioner's property was "properly noticed and conducted pursuant to Lien Law 182 (6) and (7)." Lien Law § 182 (7), entitled

"Enforcement of lien," provides, inter alia, that a storage facility may enforce its statutory lien upon stored property after notice to the lessee. It further provides that the notice shall include, inter alia, an itemized statement of the amount due, a description of the property subject to the lien, the nature of the proposed sale, a "conspicuous statement" that unless claimant pays within an allotted time, "the goods will be advertised for sale and sold at public or private sale," and a statement that "any person claiming an interest in the goods is entitled to bring a proceeding [under the Lien Law] within ten days of the service of the notice if he disputes the validity of the lien, or the amount claimed." (Lien Law § 182 [7].) Finally, the statute states that "[t]he notice shall be personally delivered to the occupant, or sent by registered or certified mail, return receipt requested, to the occupant to the last address provided by the occupant, pursuant to the occupancy agreement." (Lien Law § 182 [7].) The notices allegedly sent by PODS to the petitioner complied with none of the foregoing statutory criteria regarding their content, and there is no proof that the notices were sent in the manner prescribed by the statute. Therefore, since the sale of the petitioner's goods was not properly noticed, PODS is liable for any damages resulting from said sale.

Inasmuch as the sale has already occurred, the relief sought by the petitioner with respect to vacating the lien and staying the auction has been rendered academic. However, we remit the matter to the Supreme Court, Westchester County, to determine the measure of damages which may be awarded to the petitioner as a result of the improper auction of her property, and any award of damages thereafter. Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur.