■ SAFETY ENVIRONMENTAL, INC., Appellant, v BARBERRY ROSE MANAGEMENT COMPANY, INC., Respondent. [942 NYS2d 200]—

In an action to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), dated May 23, 2011, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff performs lead testing services. Between 2005 and 2008, the defendant requested the plaintiff's services at a number of properties throughout New York City. The plaintiff performed the services requested. However, a number of invoices issued by the plaintiff remained unpaid. The plaintiff commenced this action to recover unpaid amounts. The defendant moved for summary judgment dismissing the complaint, asserting that it was a managing agent for various disclosed principals, the property owners. According to the defendant, its status as agent was clear from public records, as well as from documents generated and maintained by the parties, including invoices, work orders, and reports setting forth test results. The plaintiff opposed the motion, asserting, among other things, that the defendant never disclosed that it was acting as an agent. In the order appealed from, the Supreme Court, inter alia, granted the defendant's motion for summary judgment dismissing the complaint. We reverse the order insofar as appealed from.

"The defense of agency in avoidance of contractual liability is an affirmative defense and the burden of establishing the disclosure of the agency relationship and the corporate existence and identity of the principal is upon he [or she] who asserts an agency relationship" (*Courthouse Corporate Ctr. LLC v Schulman*, 74 AD3d 725, 727 [2010] [internal quotation marks omitted]; *see Ingordo v Square Plus Operating Corp.*, 276 AD2d 528 [2000]; 12 Lord, Williston on Contracts § 35:35, at 359 [4th ed]). "An agent who acts on behalf of a disclosed principal will generally not be liable for a breach of contract" (*Matter of Anderson v PODS, Inc.*, 70 AD3d 820, 821 [2010]; *see Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1, 4 [1964]; *Yellow Book Sales & Distrib. Co., Inc. v Mantini*, 85 AD3d 1019, 1021 [2011]; *Leonard Holzer Assoc. v Orta*, 250 AD2d 737 [1998]). "A principal is considered to be 'disclosed' if, at the time of a transaction conducted by an agent, the other party to the

contract had notice that the agent was acting for the principal and of the principal's identity" (*Matter of Anderson v PODS, Inc.*, 70 AD3d at 821; *see* Restatement [Third] of Agency § 6.01). "Knowledge of the real principal is the test, and this means actual knowledge, not suspicion" (*Ell Dee Clothing Co. v Marsh,* 247 NY 392, 397 [1928]; *see Tarolli Lbr. Co. v Andreassi,* 59 AD2d 1011, 1012 [1977]; *Louis Gendelman Rigging & Trucking v Koeppel,* 29 AD2d 540 [1967]).

Here, while each of the documents generated and maintained by the parties contained a corporate name in addition to the defendant's, they did not indicate or make clear that the various nonparty corporations were the property owners, or that the defendant was acting in the capacity of an agent. Indeed, they offered no insight into the nature of the relationship between the defendant and the various named corporations. Moreover, while certain public records indicated that the defendant was a managing agent for the corporate property owners, the plaintiff did not have a duty to investigate whether the defendant was acting as agent for various principals (*see Tarolli Lbr. Co. v Andreassi,* 59 AD2d at 1012). Furthermore, the deposition testimony of an employee of the defendant and of the principal of the plaintiff were conflicting as to the plaintiff's understanding of the capacity in which the defendant was functioning at relevant times. Thus, in support of its motion, the defendant failed to establish, prima facie, that the plaintiff "had notice that the agent was acting for the principal[s] and of the principal[s'] identit[ies]" (*Matter of Anderson v PODS, Inc.*, 70 AD3d at 821; *see* Restatement [Third] of Agency § 6.01). Accordingly, the Supreme Court should have denied the defendant's motion, regardless of the sufficiency of the plaintiff's opposition papers (*see e.g. Katanov v County of Nassau,* 91 AD3d 723 [2012]).

In light of our determination, we need not reach the plaintiff's remaining contention. Dickerson, J.P., Chambers, Austin and Miller, JJ., concur.