In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated May 13, 2011, as denied that branch of its motion which was for summary judgment on the complaint insofar as asserted against the defendant Marvin Sussman, and granted that branch of the defendants’ cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Marvin Sussman.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff’s motion which was for summary judgment on the complaint insofar as *758 asserted against the defendant Marvin Sussman is granted, and that branch of the defendants’ cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Marvin Sussman is denied.
“An agent who acts on behalf of a disclosed principal will generally not be liable for a breach of contract” (Matter of Anderson v PODS, Inc., 70 AD3d 820, 821 [2010]; see Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4 [1964]; Yellow Book Sales & Distrib. Co., Inc. v Mantini, 85 AD3d 1019, 1021 [2011]; Leonard Holzer Assoc. v Orta, 250 AD2d 737 [1998]). “A principal is considered to be ‘disclosed’ if, at the time of a transaction conducted by an agent, the other party to the contract had notice that the agent was acting for the principal and of the principal’s identity” (Matter of Anderson v PODS, Inc., 70 AD3d at 821; see Restatement [Third] of Agency § 6.01). “Knowledge of the real principal is the test, and this means actual knowledge, not suspicion” (Ell Dee Clothing Co. v Marsh, 247 NY 392, 397 [1928]; see Tarolli Lbr. Co. v Andreassi, 59 AD2d 1011, 1012 [1977]; Louis Gendelman Rigging & Trucking v Koeppel, 29 AD2d 540 [1967]). “The defense of agency in avoidance of contractual liability is an affirmative defense and the burden of establishing the disclosure of the agency relationship and the corporate existence and identity of the principal is upon he [or she] who asserts an agency relationship” (Safety Envtl., Inc. v Barberry Rose Mgt. Co., Inc., 94 AD3d 969, 969 [2012], quoting Courthouse Corporate Ctr. LLC v Schulman, 74 AD3d 725, 727 [2010]; see Ingordo v Square Plus Operating Corp., 276 AD2d 528 [2000]; 12 Richard A. Lord, Williston on Contracts § 35:35 at 359 [4th ed 1990]).
The plaintiff established, prima facie, its entitlement to judgment as a matter of law on the complaint insofar as asserted against the defendant Marvin Sussman with evidence that it entered into a contract with Sussman of “Blue Ridge Farms,” pursuant to which the plaintiff was to install flooring at the “Blue Ridge Farms” food manufacturing facility in Brooklyn, and Sussman failed to disclose that he was acting as an agent for the defendant Blue Ridge Foods, LLC, which owns the facility (see TTF, Inc. v Brozman Archer Realty Servs., 282 AD2d 447, 447 [2001]; Kaplon-Belo Assoc. v Farrelly, 221 AD2d 321, 322 [1995]; Rennert-Diana & Co. v Costarino, 128 AD2d 691 [1987]). Viewing the documentary evidence submitted on the plaintiffs motion in the light most favorable to Sussman as the nonmoving party (see Green v Quincy Amusements, Inc., 108 AD3d 591, 592 [2013]), it indicates at best that Sussman was acting as an agent for a “partially disclosed principal,” in that *759 the agency relationship was known, but the identity of the principal remained undisclosed (Restatement [Second] of Agency § 4 [2]; see New England Mar. Contrs. v Martin, 156 AD2d 804, 805 [1989]). As an agent for an undisclosed principal, Sussman became personally liable under the contract (see Tarolli Lbr. Co. v Andreassi, 59 AD2d at 1012; Venezio v Bianchi, 124 AD2d 933, 934 [1986]; Rafner v Toplis & Harding, 25 AD2d 826 [1966]; Restatement [Second] of Agency § 321).
In opposition to the plaintiffs prima facie showing, the defendants failed to raise a triable issue of fact (see Safety Envtl., Inc. v Barberry Rose Mgt. Co., Inc., 94 AD3d 969, 969 [2012]; Courthouse Corporate Ctr. LLC v Schulman, 14 AD3d 725, 727 [2010]; Ingordo v Square Plus Operating Corp., 276 AD2d 528 [2000]; 12 Richard A. Lord, Williston on Contracts § 35:35 at 359 [4th ed 1990]). Accordingly, the Supreme Court should have granted that branch of the plaintiffs motion which was for summary judgment on the complaint insofar as asserted against Sussman and should have denied that branch of the defendants’ cross motion which was for summary judgment dismissing the complaint insofar as asserted against Sussman (see New England Mar. Contrs. v Martin, 156 AD2d at 805; Tarolli Lbr. Co. v Andreassi, 59 AD2d at 1012). Mastro, J.P., Rivera, Sgroi and Cohen, JJ., concur.