*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014                 517976
_____

RONALD WINER,
                        Appellant,

              v                              MEMORANDUM AND ORDER

JOSEPH F. VALENTINO JR. et al.,
                        Respondents.
_____


Calendar Date:  September 10, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

                    _____


        Kevin P. Barry, Poughkeepsie, for appellant.

        Drake, Loeb, Heller, Kennedy, Gogerty, Gaba & Rodd, PLLC,
New Windsor (Nicholas A. Pascale of counsel), for respondents.

                    _____


Rose, J.

        Appeal from an order of the Supreme Court (Cahill, J.),
entered June 10, 2013 in Ulster County, which, among other
things, partially granted defendants' motion to dismiss the
complaint.

        Plaintiff commenced this action alleging breach of contract
and warranty claims against defendant Joseph F. Valentino Jr., as
the builder of plaintiff's new home.  The complaint also alleged
that Valentino was doing business under the assumed name of J & J
Enterprises.  After learning that J & J Enterprises was actually
the trade name of a corporation identified as Jean M. Valentino,
Inc., plaintiff amended the complaint to add the corporation as a
defendant.  Defendants then moved to dismiss pursuant to CPLR
3211 (a) (1) and (7) claiming, among other things, that Valentino
could not be held personally liable because he was acting as the

agent for a disclosed corporate principal. Supreme Court agreed and partially granted the motion by dismissing the complaint against Valentino.

Plaintiff appeals, contending that the documentary evidence submitted by defendants does not "utterly refute" his claim that he had no indication that Valentino was acting as an agent for a disclosed corporate principal. We agree. "It is well settled that an individual who signs a contract as an agent for an entity will be held personally liable on the contract if the agency relationship is not disclosed" (DeAngelis v Timberpeg E., Inc., 51 AD3d 1175, 1179 [2008] [citation omitted]; see McClure v Central Trust Co. of N.Y., 165 NY 108, 128 [1900]; New England Mar. Contrs. v Martin, 156 AD2d 804, 805 [1989]; see also Restatement [Third] of Agency §§ 6.02, 6.03). Whether or not a principal is disclosed depends upon whether, at the time of the underlying transaction, the other party to the contract had notice that the agent was acting for a principal and knew of the principal's identity (see Stonhard v Blue Ridge Farms, LLC, 114 AD3d 757, 758 [2014]; Safety Envtl., Inc. v Barberry Rose Mgt. Co., Inc., 94 AD3d 969, 969-970 [2012]).

Here, the contract identified J & J Enterprises as the builder, but there is no reference in the contract or in the accompanying specifications sheet to the status of J & J Enterprises as the trade name of a corporation or to Valentino's status as an officer or representative of any such corporation. While not dispositive, the contract, specifications sheet and an acknowledgment of a subsequent financial transaction were all signed by Valentino without reference to any agency or representative capacity. Moreover, the use of the pronouns "he" and "his" in reference to the builder in the body of the contract supports plaintiff's argument that it was not unreasonable for him to assume that J & J Enterprises was a trade name for Valentino and not for a corporation. While defendants argue that the single reference in the contract to the builder's agent indicated that the builder and its agent were not one and the same, this reference does not reveal an agency relationship between Valentino and a corporation. It merely suggests that the builder may have an agent or representative, and does nothing to discount the inference that Valentino was doing business as J & J

Enterprises.

Contrary to defendants' argument that the use of the J & J Enterprises trade name instead of the name of the corporation was inconsequential since the trade name is registered with the Secretary of State and is a matter of public record, plaintiff did not have a duty to investigate in order to discover the principal's identity (see Safety Envtl., Inc. v Barberry Rose Mgt. Co., Inc., 94 AD3d at 970; Tarolli Lbr. Co. v Andreassi, 59 AD2d 1011, 1012 [1977]). Accordingly, Supreme Court erroneously concluded that the contract, the specifications sheet and the certificate of assumed name that were proffered by defendants "utterly refute[d] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see Mason v First Cent. Natl. Life Ins. Co. of N.Y., 86 AD3d 854, 855 [2011]; Venture Silicones, Inc. v General Elec. Co., 14 AD3d 924, 925 [2005]).

Even if we were to conclude that the insurance certificates submitted by defendants in their reply were properly considered by Supreme Court, they too were insufficient to warrant the dismissal of plaintiff's claims against Valentino. The insurance certificates indicate on their face that they were issued by defendants' insurer to the local town building department, not to plaintiff. Moreover, they are dated over a week after the parties signed the contract. Since, "[t]o be effective, disclosure must occur at the time the contract is made" (Ardwin v Englert, 81 AD2d 960, 961 [1981], affd 56 NY2d 936 [1982]; see Stonhard v Blue Ridge Farms, LLC, 114 AD3d at 758; New England Mar. Contrs. v Martin, 156 AD2d at 805), defendants' submissions did not "establish conclusively that plaintiff ha[d] no cause of action" against Valentino (Lin v County of Sullivan, 100 AD3d 1076, 1077 [2012] [internal quotation marks, brackets and citation omitted]; see Gray v Schenectady City School Dist., 86 AD3d 771, 772 [2011]; New York State Elec. & Gas Corp. v Aasen, 157 AD2d 965, 966 [1990]). Accordingly, Supreme Court erred in dismissing plaintiff's claims against Valentino pursuant to CPLR 3211 (a) (1) and (7).

Lahtinen, J.P., McCarthy, Lynch and Devine, JJ., concur.

ORDERED that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as partially granted defendants' motion and dismissed the complaint against defendant Joseph F. Valentino Jr.; motion denied to that extent; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court