Baskin v MABCO Tr., Inc. (2019 NY Slip Op 07827)





Baskin v MABCO Tr., Inc.


2019 NY Slip Op 07827


Decided on October 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 31, 2019

528335

[*1]Mark A. Baskin, Appellant,
v
MABCO Transit, Inc., et al., Respondents , et al., Defendant.

Calendar Date: September 6, 2019

Before: Garry, P.J., Egan Jr., Lynch and Pritzker, JJ.


Law Office of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, Albany (Christopher A. Priore of counsel), for Mabco Transit, Inc., respondent.
Law Offices of John R. Seebold, PLLC, Schenectady (John R. Seebold of counsel), for Gregory J. Baumgartner, respondent.



Pritzker, J.
Appeal from an order and judgment of the Supreme Court (O'Connor, J.), entered November 21, 2018 in Albany County, which, among other things, granted cross motions by defendants Mabco Transit, Inc. and Gregory J. Baumgartner for summary judgment dismissing the complaint against them.
In June 2010 and September 2014, plaintiff entered into contracts (hereinafter the occupancy agreements) with defendant Mabco Transit, Inc. for the use of two storage units at Mabco's location in the Town of Colonie, Albany County. To pay the monthly rental fee associated with the units, plaintiff provided his credit card number and authorized Mabco to make monthly charges to the card. Thereafter, plaintiff stored various possessions — housewares, memorabilia, family heirlooms, etc. — in the storage units and moved to Kosovo, where he had accepted a teaching job. The credit card that plaintiff provided expired on December 1, 2015. After this date, Mabco did not receive any payments from plaintiff. Beginning in February 2016, past due notices were sent to plaintiff and, in March 2016, Mabco first attempted to send plaintiff notice, pursuant to Lien Law § 182, informing him that if the default was not cured, the contents of the storage units would be sold in a public sale. A public sale occurred in April 2016; in September 2016, plaintiff first became aware that his credit card was not being charged for the monthly storage fee. Plaintiff called Mabco, which informed him that his belongings had been sold and removed from the facility by, among others, defendant Gregory J. Baumgartner.
Plaintiff commenced this plenary and declaratory judgment action setting forth seven causes of action alleging, among other things, that Mabco was in violation of Lien Law § 182 and that plaintiff was entitled to recover his property. Plaintiff thereafter moved for summary judgment on all seven causes of action.[FN1] Mabco and Baumgartner separately cross-moved for summary judgment dismissing the complaint against them. Supreme Court denied plaintiff's motion and granted Mabco's and Baumgartner's cross motions. Plaintiff appeals, and we affirm.[FN2]
Plaintiff's first cause of action alleges a violation of Lien Law § 182 (6), which provides that "[t]he owner of a self-service storage facility has a lien upon all personal property stored at a self-service storage facility[, which] . . . attaches as of the date the personal property is brought to the self-service storage facility." Such lien "may be enforced by public or private sale of the [stored] goods . . . after notice to all persons known to claim an interest in the goods" (Lien Law § 182 [7]). For the notice to be valid, certain statutory requirements must be met, including, as relevant here, that the "notice shall be personally delivered to the occupant, or sent by registered or certified mail, return receipt requested, to the occupant to the last address provided by the occupant, pursuant to the occupancy agreement" and such notice shall include "a demand for payment within a specified time not less than ten days from receipt of notification" (Lien Law § 182 [7]; see Matter of Anderson v PODS, Inc., 70 AD3d 820, 821-822 [2010]; Matter of Lewitin v Manhattan Mini Stor., 30 Misc 3d 1212[A], 2010 NY Slip Op 52347[U], *2 [Sup Ct, NY County 2010]). A storage facility that fails to strictly comply with these statutory requirements is liable for damages resulting from the sale (see Matter of Anderson v PODS, Inc., 70 AD3d at 822; Matter of Lewitin v Manhattan Mini Stor., 2010 NY Slip Op 52347[U], *3).
In support of its cross motion for summary judgment, Mabco included copies of the occupancy agreements, both of which list an address for plaintiff in the Town of Niskayuna, Schenectady County. Significantly, the agreements set forth that plaintiff was required to notify Mabco, in writing, of any change of address. Notwithstanding this agreement, plaintiff's answers to Mabco's interrogatories demonstrated that, since 2010, plaintiff maintained and received mail at five different residential and two different business addresses and that plaintiff never advised Mabco of any change in address. Moreover, plaintiff's interrogatory answers indicate that he only resided at the Niskayuna address for four days after executing the September 2014 occupancy agreement and, although he provided the United States Postal Service (hereinafter USPS) with a forwarding address, he never so informed Mabco. Notably, Mabco also submitted the affidavit of David Horner, manager of Mabco's Colonie location, in which Horner attested that he initially sent mail to plaintiff at the Niskayuna address concerning the credit card lapse, but, when that mail was returned, he sent all other mail — including the statutory notices — to an address in Washington, D.C., which the USPS provided as the forwarding address.
It is not disputed that the notices of sale sent by Mabco contained all required language (see Lien Law § 182 [7]). Although they were mailed to the Washington, D.C. address provided by the postal service, rather than the Niskayuna address, this was a direct result of plaintiff filing a change of address form, as well as his inaction and failure to keep Mabco apprised of his proper address. Inasmuch as Lien Law § 182 (7) provides that the notice shall be sent "to the occupant to the last address provided by the occupant, pursuant to the occupancy agreement," we find that Mabco substantially complied with the statute by mailing the notices to the Washington, D.C. address that plaintiff provided to the USPS. Further, the occupancy agreements signed by plaintiff make clear that it was his responsibility to keep Mabco informed of his address. That plaintiff did not actually receive the notice, which is not required by statute (see Lien Law § 182 [7]; Matter of Anderson v PODS, Inc., 70 AD3d at 822; but see Matter of Lewitin v Manhattan Mini Stor., 2010 NY Slip Op 52347[U], *2),[FN3] is due only to his recalcitrance. Accordingly, Supreme Court properly granted Mabco's cross motions dismissing the first cause of action against it. Based on our finding that Mabco substantially complied with Lien Law § 182, plaintiff's argument that it was error for Supreme Court to grant Baumgartner's cross motion for summary judgment based upon Mabco's failure to comply with Lien Law § 182 is without merit.
Likewise, Supreme Court properly dismissed plaintiff's state constitutional due process claim as set forth in the third cause of action, as well as the federal 42 USC § 1983 action alleged in the fourth cause of action. As a threshold matter, due process protection under either the US or NY Constitution is only available where the alleged deprivation is the result of state action (see generally Flagg Bros., Inc. v Brooks, 436 US 149, 156-157 [1978]; Sharrock v Dell Buick-Cadillac, 45 NY2d 152, 160 [1978]). Where, as here, the alleged deprivation is the result of private action, such action may be considered state action for the purposes of invoking the protections of the US Constitution if the private action is "fairly attributable to the [s]tate" (Lugar v Edmonson Oil Co., Inc., 457 US 922, 937 [1982]; see Flagg Bros., Inc. v Brooks, 436 US at 156; Adickes v S.H. Kress & Co., 398 US 144, 152 [1970]). Within this context, courts have held that private sales of goods undertaken pursuant to a possessory lien are too attenuated from the state to be considered state action so as to trigger constitutional protection under the US Constitution (see generally Flagg Bros., Inc. v Brooks, 436 US at 165-166; Sharrock v Dell Buick-Cadillac, 45 NY2d at 158-159, 159 n 2).
A state constitutional claim, however, employs a broader, more flexible standard for determining whether private action can be considered state action for purposes of triggering due process protections (see SHAD Alliance v Smith Haven Mall, 66 NY2d 496, 505 [1985]; Sharrock v Dell Buick-Cadillac, 45 NY2d at 158; Svendsen v Smith's Moving & Trucking Co., 76 AD2d 504, 507 [1980], affd 54 NY2d 865 [1981], cert denied 455 US 927 [1982]). The constitutional protections of the Due Process Clause of the NY Constitution are triggered by significant state action, a determination that depends on various factors, including: "the source of authority for the private action; whether the [s]tate is so entwined with the regulation of the private conduct as to constitute [s]tate activity; whether there is meaningful [s]tate participation in the activity; and whether there has been a delegation of what has traditionally been a [s]tate function to a private person" (SHAD Alliance v Smith Haven Mall, 66 NY2d at 505 [internal quotation marks and citation omitted]; see Sharrock v Dell Buick-Cadillac, 45 NY2d at 158). In light of this more flexible standard, courts have held that the Due Process Clause of the NY Constitution affords constitutional protection to property owners who have their property seized pursuant to the lien laws of this state (see e.g. Sharrock v Dell Buick-Cadillac, 45 NY2d at 162; Blye v Globe-Wernicke Realty Co., 33 NY2d 15, 20 [1973]).
Once state action has been sufficiently established, the analysis turns to whether the constitutional requirements of due process have been satisfied, which typically requires notice and an opportunity to be heard (see Sharrock v Dell Buick-Cadillac, 45 NY2d at 163; Matter of County of Clinton [Greenpoint Assets, Ltd.], 116 AD3d 1206, 1208 [2014]). In the context of tax liens, which provide a useful analogy here, actual notice is not required for enforcement of a lien to be constitutionally permissible; rather, notice to a property owner must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the proceeding and afford them an opportunity to present their objections" (Matter of County of Clinton [Greenpoint Assets, Ltd.], 116 AD3d at 1208 [internal quotation marks, brackets and citations omitted]; see Mac Naughton v Warren County, 20 NY3d 252, 256-258 [2012]; Matter of Harner v County of Tioga, 5 NY3d 136, 140 [2005]).
Here, Mabco's actions did not violate plaintiff's right to procedural due process under the NY Constitution because the record evidence shows that, under the circumstances, the manner in which Mabco attempted to provide notice to plaintiff — via the USPS forwarding address, as well as over the phone, using both telephone numbers provided by plaintiff — was reasonably calculated to provide plaintiff with notice that Mabco intended to enforce its lien (compare Prisco v County of Greene, 289 AD2d 681, 683 [2001]; cf. Matter of Harner v County of Tioga, 5 NY3d at 140; Matter of County of Clinton [Greenpoint Assets, Ltd.], 116 AD3d at 1208). Although plaintiff did not receive actual notice of the sale, Mabco's considerable efforts to provide such notice were frustrated by plaintiff's lack of diligence and failure to provide Mabco with accurate information, which plaintiff was contractually obligated to do. Accordingly, Mabco's actions pursuant to Lien Law § 182 were reasonable under the circumstances and, thus, did not deprive plaintiff of his right to due process (cf. Mac Naughton v Warren County, 20 NY3d at 257-258; Matter of Harner v County of Tioga, 5 NY3d at 140; Matter of County of Clinton [Greenpoint Assets, Ltd.], 116 AD3d at 1208).
Plaintiff's seventh cause of action sets forth that Mabco violated General Business Law § 349, which makes unlawful "[d]eceptive acts or practices in the conduct of any business" and creates a private right of action under which a litigant may recover actual damages (see generally Belair Care Ctr., Inc. v Cool Insuring Agency, Inc., 168 AD3d 1162, 1165-1166 [2019]; Benetech, Inc. v Omni Fin. Group, Inc., 116 AD3d 1190, 1190-1191 [2014]). As a threshold matter, "[a] claim brought under this statute must be predicated on an act or practice which is consumer-oriented, that is, an act having the potential to affect the public at large" (Elacqua v Physicians' Reciprocal Insurers, 52 AD3d 886, 888 [2008] [internal quotation marks and citation omitted]; see Accredited Aides Plus, Inc. v Program Risk Mgt., Inc., 147 AD3d 122, 134 [2017]). "Private contract disputes, unique to the parties . . . do not fall within the ambit of the statute" (Kaufman v Medical Liab. Mut. Ins. Co., 92 AD3d 1057, 1058 [2012] [internal quotation marks, ellipsis, brackets and citations omitted]; see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25 [1995]). An act or practice is consumer-oriented if it has "a broader impact on consumers at large in that [such act or practice is] directed to consumers or potentially affect[s] similarly situated consumers" (Benetech, Inc. v Omni Fin. Group, Inc., 116 AD3d at 1190-1191 [internal quotation marks and citations omitted]; see Kaufman v Medical Liab. Mut. Ins. Co., 92 AD3d at 1058). Once this threshold requirement has been met, a plaintiff must also show that the "defendant is engaging in an act or practice that is deceptive or misleading in a material way and that [the] plaintiff has been injured by reason thereof" (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d at 25-26; see Benetech, Inc. v Omni Fin. Group, Inc., 116 AD3d at 1190).
Even if we were to find that the conduct alleged here affects the public at large and is therefore consumer-oriented, we fail to discern how Mabco's sale of plaintiff's property was deceptive.[FN4] The occupancy agreements proffered by Mabco in support of its cross motion for summary judgment demonstrate that the genesis of this dispute is attributable to plaintiff's poor record keeping, rather than deception on the part of Mabco. The occupancy agreements, which appear to be boilerplate agreements, informed plaintiff that Mabco had a lien on his property and that the enforcement provision of Lien Law § 182 applies. Plaintiff's contention that it is misleading for Mabco to represent in its occupancy agreements that it will comply with Lien Law § 182 and then not so comply is based on plaintiff's erroneous interpretation that actual receipt of the notice is required by statute, which it is not (see Lien Law § 182 [7]; Matter of Anderson v PODS, Inc., 70 AD3d at 822; but see Matter of Lewitin v Manhattan Mini Stor., 2010 NY Slip Op 52347[U], *2). Accordingly, Supreme Court properly dismissed plaintiff's seventh cause of action. We have reviewed plaintiff's remaining contentions and find them to be without merit.
Garry, P.J., Egan Jr. and Lynch, JJ., concur.
ORDERED that the order and judgment is affirmed, with one bill of costs.



Footnotes

Footnote 1: Notwithstanding such statement, plaintiff failed to articulate any specific arguments with regard to the fifth cause of action sounding in breach of contract.

Footnote 2: Plaintiff fails to raise any arguments on appeal regarding the dismissal of his second and sixth causes of action.

Footnote 3: Plaintiff also contends that he was deprived of his "mandatory 10-day cure period" and that the sale of his property could not occur until after this "cure period" closed. This contention is misplaced. Lien Law § 182 (7) states that the required notice "shall include . . . a demand for payment within a specified time not less than [10] days from receipt of notification." The notices that Mabco attempted to send to plaintiff contained this statutorily required language but, because Mabco did not have a valid address for plaintiff, his reliance on the "10-day cure period" prohibiting the sale is not applicable.

Footnote 4: As to the issue of whether the conduct affects the public at large, in an affirmation and memorandum of law supporting plaintiff's motion for summary judgment, he claims that Mabco admitted, in an interrogatory response, that it was regular procedure to enforce liens "despite knowing that the owner did not receive notice of sale." This "interpretation" is misplaced as the relevant interrogatory response actually states that "the procedure [used to enforce its liens] is set forth in the Occupancy Agreement and the New York State Lien Law."