Regal Commodities v Tauber (2024 NY Slip Op 01736)

Regal Commodities v Tauber

2024 NY Slip Op 01736

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-02115
 (Index No. 524427/19)

[*1]Regal Commodities, appellant, 
v
Scott W. Tauber, respondent, et al., defendants.

Kevin A. Stevens, P.C., Suffern, NY, for appellant.
Falcon Rappaport & Berkman LLP, Rockville Centre, NY (Paul M. O'Brien and Jessica Moore of counsel), for respondent and defendants Hena Coffee, Inc., and Corporation "Doe."

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated March 10, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the second amended complaint insofar as asserted against the defendant Scott W. Tauber and granted the cross-motion of the defendant Scott W. Tauber for summary judgment dismissing the second amended complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2017, Joseph Apuzzo, Jr., the president of the plaintiff, and the defendant Scott W. Tauber, the president of the defendant Hena Coffee, Inc. (hereinafter Hena), agreed, in various emails, that Hena would purchase 500,000 pounds of coffee from the plaintiff during the course of one year. In 2019, the plaintiff commenced this action alleging, among other things, that Hena and Tauber, in his individual capacity, breached the contract by failing to purchase the full amount of coffee provided by the contract. The plaintiff moved, inter alia, for summary judgment on the second amended complaint insofar as asserted against Tauber, and Tauber cross-moved for summary judgment dismissing the second amended complaint insofar as asserted against him. In an order dated March 10, 2022, the Supreme Court denied that branch of the plaintiff's motion and granted Tauber's cross-motion. The plaintiff appeals.
An agent who enters into a contract on behalf of a disclosed principal is not personally liable "unless there is clear and explicit evidence of the agent's intention to be [personally] bound" (Overbay, LLC v Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., 185 AD3d 707, 709; see Lido Beach Towers v Denis A. Miller Ins. Agency, Inc., 128 AD3d 1025, 1027). A principal is disclosed if "at the time of a transaction conducted by an agent, the other party to the contract had notice that the agent was acting for the principal and of the principal's identity" (Matter of Anderson v PODS, Inc., 70 AD3d 820, 821). The party claiming, as an affirmative defense to liability for breach of contract, that an agency relationship existed must demonstrate that the agency relationship and the identity of the principal were disclosed (see Stonhard v Blue Ridge Farms, LLC, 114 AD3d 757, 758; Safety Envtl., Inc. v Barberry Rose Mgt. Co., Inc., 94 AD3d 969, 969).
Here, as to Tauber's cross-motion for summary judgment dismissing the second amended complaint insofar as asserted against him, Tauber demonstrated, prima facie, that he was acting as an agent for a disclosed principal, namely, Hena, and that he did not purport to bind himself individually under the contract (see Concavage Mar. Constr., Inc. v Lou-Al-John Corp., 191 AD3d 843, 845; Weinreb v Stinchfield, 19 AD3d 482, 483). To that end, Tauber submitted emails dated September 20, 2017, September 25, 2017, and January 8, 2018, between himself and Apuzzo, identifying Hena as the customer and containing Hena's name and address in the signature block. Indeed, the plaintiff's demand letter dated September 20, 2019, in which the plaintiff's counsel referred to the contract as being between the plaintiff and Hena and demanded full payment from Hena, confirms the plaintiff's understanding that its contract was with Hena, and not with Tauber, individually. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted Tauber's cross-motion for summary judgment dismissing the second amended complaint insofar as asserted against him. For the same reason, the court properly denied that branch of the plaintiff's motion which was for summary judgment on the second amended complaint insofar as asserted against Tauber.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court